Joseph A, Brust, J.
Motion to stay arbitration. Claimant was injured while a passenger in a self-insured vehicle on October 23, 1959. The insurance company covering said vehicle disclaimed liability on October 26, 1961. Thereafter claimant filed a claim with respondent, and respondent rejected it on the ground that he was not an “ insured ” person ivithin the meaning of subdivision i of section 601 of the Insurance Law. A motion to compel arbitration was denied. Said motion was made within three years after the accident. In February, 1962 claimant instituted an action for a declaratory judgment to have himself declared an “insured” person. The Supreme Court, Queens County, found him to be an “insured” person under the endorsement of the insurance policy (McGuinness v. MVAIC, 35 Misc 2d 827 [1962]). Respondent served a notice of appeal in August, 1962. The appeal was perfected only after an order of the court directed respondent to act, and on April 24,1963 the Supreme Court’s decision was upheld by the Appellate Division (18 A D 2d 1100). Motion for leave to appeal to the Court of Appeals was denied. A demand for arbitration was made on August 16, 1963.
Respondent would now have this court invoke the bar of the Statute of Limitations applicable to negligence actions to permanently stay such arbitration. This it will not do.
The demand for arbitration was served more than three years after the accident. This, of course, is beyond the period for the commencement of a negligence action (CPLR, § 214) and if such period of limitations is applied in this case it would bar *776 arbitration of this claim. However “it has consistently been held in analogous cases that respondent’s claim is ‘ based not upon tort but upon the insurance contract, although the tortious act of a third party gives rise to the rights under the contract. The claim being made in contract, the three-year Statute of Limitations is not applicable ’ (Application of Ceccarelli [Travelers Indemnity Co.], 204 N. Y. S. 2d 550, 552 * * *) ” (Matter of MVAIC [Miller], N. Y. L. J., March 4, 1963, p. 16, col. 4 [N. Y. Supreme Ct., Gold, J.], affd. 19 A D 2d 799).
Petitioner had no claim against respondent until there was a disclaimer (Oct., 1961). To hold that a cause of action arose prior to that date would frustrate the purpose of the legislation which created respondent (Matter of MVAIC [Miller], supra). Disclaimers can occur more than three years after an accident occurs, and this fact alone should not bar a claim against respondent.
The conduct of the respondent in this matter leaves grave doubts in this court’s mind as to whether this body is faithfully fulfilling the job for which it was created. This motion is in all respects denied.