Samuel M. Gold, J.
Motion to stay arbitration on the ground that the claim sought to be arbitrated is barred by limitation of time.
The accident, which is the basis of this proceeding, occurred on January 16, 1960. On July 21, 1960, Cosmopolitan Mutual Insurance Company disclaimed liability to their insured, claiming that it did not receive timely notice of the accident. On August 19, 1960, the claimant served his notice of intention to make claim against the Motor Vehicle Accident Indemnification Corporation.
Respondent contends that the demand for arbitration, being served more than three years from the date when the claimant received the notice of disclaimer and more than three years after he filed his notice of intention to make claim against MVAIC, is barred by subdivision 5 of 214 Civil Practice Law and Rules, which requires that a personal injury action be brought within three years.
I have held in Matter of Motor Vehicle Acc. Ind. Corp. (Miller) (N. Y. L. J., March 4, 1963, p. 16, col. 4, Gold, J., affd. 19 A D 2d 799) that “ it has consistently been held in analogous cases that respondent ’’s claim is ‘ based not upon tort but upon *924 the insurance contract, although the tortious act of a third party gives rise to the rights under the contract. The claim being made in contract, the three-year Statute of Limitations is not applicable ’ (Application of Ceccarelli [Travelers Indemnity Co.}, 204 N. Y. S. 2d 550, 552 * * •) ”. (See, also, Matter of McGuinness [MVAIC], 40 Misc 2d 775; Smith v. MVAIC, N. Y. L. J., Oct. 22, 1963, p. 13,' col. 3.) Respondent has failed to convince this court that the instant proceeding should be removed from the holdings in the above-cited cases. Moreover, it is conceded that the notice of intention to make claim was timely filed. This motion is denied.