194 So.2d 470 (1967)
Alvin J. FREMIN
v.
Theodore COLLINS and Allstate Insurance Company.
No. 2424.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1967.
Rehearing Denied February 13, 1967.
*471 George T. Oubre, Norco, for plaintiff-appellee.
Brierre & Malone, Eugene D. Brierre, New Orleans, for defendant-third-party plaintiff-appellant.
*472 Bernard, Micholet & Cassisa, Emile L. Turner, Jr., New Orleans, for third-party defendant-appellee.
Before REGAN, HALL and BARNETTE, JJ.
REGAN, Judge.
The plaintiff, Alvin J. Fremin, filed this suit against the defendants, Theodore Collins and Allstate Insurance Company, Fremin's uninsured motorist carrier, endeavoring to recover the sum of $54,000.00, representing the monetary value of injuries incurred by him as the result of an automobile accident which occurred on or about September 29, 1963, while the plaintiff was engaged in rescuing his minor son from the path of an automobile being driven by Collins.
The defendants answered and denied the plaintiff's accusations of negligence, and alternatively pleaded his contributory negligence. Allstate also filed a third party petition against Collins requesting indemnity for any damages that it may be judicially required to pay to the plaintiff as the result of the negligence of Collins.
Subsequently, on January 20, 1965, Allstate filed a supplemental third party petition against Queens Insurance Company, Inc., and explained therein that Queens had written a contract of insurance covering Fremin for injuries sustained as the result of the negligence of an uninsured motorist, which coverage was identical to that contained in the policy issued by Allstate to Fremin.
On April 5, 1965, the plaintiff, Fremin, amended his original petition and made Queens Insurance Company a party defendant in this suit, requesting the rendition of a judgment in the identical amount from all three defendants solidarily.
Queens Insurance Company filed a peremptory exception of no right or cause of action against the third party demand of Allstate Insurance Company and a peremptory exception of prescription of one year against the amended petition of the plaintiff. In addition, Allstate Insurance Company pleaded the peremptory exception of no cause or right of action to the petition filed against it by the plaintiff.
The lower court in its judgment referred the exception of Allstate against the plaintiff to the merits; it sustained the exception of no cause of action by Queens against Allstate, and sustained the exception of prescription by Queens against the plaintiff.
Insofar as the peremptory exception pleaded by Allstate against the petition of the plaintiff, which the lower court referred to the merits, it is quite evident that this is an interlocutory decree which is not appealable under Article 2083 of the Code of Civil Procedure. In the case of Victory Oil Company v. Perret,[1] we reasoned therein that a judgment which referred to the merits a plea of prescription was an interlocutory decree which could cause no irreparable injury and therefore was not appealable. Consequently, under Section 5 of Rule VII of the Uniform Rules of Appeal, the appeal by Allstate is dismissed insofar as it affects the lower court's judgment referring Allstate's exception of no cause of action against the plaintiff to the merits for adjudication.
The first vexatious problem posed for our consideration is the validity of the lower court's judgment maintaining the peremptory exception of prescription filed by Queens Insurance Company against the amended petition of the plaintiff, Alvin J. Fremin, which endeavored to hold Queens liable under the uninsured motorist provision of its policy. Queens points out that the plaintiff's amended petition was filed long after a year had elapsed from the date of the occurrence of the accident. Consequently, it insists that the plaintiff's claim *473 was prescribed by virtue of the passage of a year in conformity with the rationale emanating from Civil Code Article 3536, which affords an injured party a period of one year in which to file suit as the result of an offense or quasi offense. It is interesting to observe in this connection that no appeal was prosecuted by the plaintiff from the lower court's judgment. On the contrary, the appeal was perfected by the other defendant herein, Allstate Insurance Company, and we are therefore obliged to decide the question which it has posed as a result of the rationale emanating from Emmons v. Agricultural Insurance. Company.[2]
The exception of prescription pleaded by Queens presumes that the action against it by the plaintiff is one sounding in tort and not in contract so that the one year prescriptive period applies. The Queens exception also presumes that suit must be instituted directly against the insurer providing uninsured motorist coverage within a year and that suit against the uninsured motorist, the principal defendant herein, which was filed within the prescriptive period, is not sufficient to interrupt prescription as to the uninsured motorist carrier.
We are convinced that the terminology of the policy discloses that the type of suit filed against the uninsured motorist carrier possesses the full character of an action ex delicto and is not therefore contractual in nature. The pertinent policy provision reads:
"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness, or disease, including death resulting therefrom * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile;" (Emphasis added.)
It appears clear that if the insured, that is, the plaintiff herein, is legally entitled to recover from the uninsured motorist, the defendant Collins, then the insurer, is responsible to the insured for his damages, up to the amount of the appropriate policy limitation. Therefore, if the prescriptive period is interrupted as to the uninsured motorist, and judgment is then obtained against him, the uninsured motorist liability carrier would then be liable to the insured for the amount recovered up to the policy limits. The language of the contract of insurance obviously means that liability of the insurer depends entirely upon the liability of the uninsured motorist. It logically follows that if prescription is interrupted as to the uninsured motorist, a suit instituted after the passage of the one year period would not be too late vis a vis the uninsured motorist carrier. In view of the foregoing ratiocination, we are of the opinion that the judgment of the lower court maintaining the exception of prescription by Queens against the plaintiff's amended petition was erroneously rendered.
The final vexatious question posed for our consideration is whether the defendant, Allstate Insurance Company, possesses the right to request contribution from Queens for one half the amount of any judgment rendered against it. The hypothesis upon which Allstate predicated the success of its third party petition against Queens is that this insurer is a solidary obligor with Allstate with respect to their obligation to the plaintiff.
In support of this argument, counsel for Allstate points to the rationale of Civil Code Article 2091, which reads:
"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor." *474 Counsel therefore insists that since both Allstate and Queens were obligated to respond in damages in conformity with the uninsured motorist provisions of their respective contracts of insurance, they were obliged to do the same thing, so that each could be compelled to pay the entire amount. A cursory analysis of the codal article referred to above reveals that an obligation in solido is incurred when all creditors are obliged to do "the same thing so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
It is our opinion that the two insurance companies are not obliged to perform the same act. On the contrary, each is bound to do a separate and distinct thing under a separate and distinct agreement.
Article 2077 of the Civil Code which appears in the general provisions of the code preceding the detailed rules on joint, several, and solidary obligations stipulates that when there are more than one obligor in the same contract, the obligation produced thereby may be joint, several, or solidary. Article 2078 more specifically provides that:
"Several obligations are produced, when what is promised by one of the obligors, is not promised by the other, but each one promises separately for himself to do a distinct act; such obligations, although they may be contained in the same contract, are considered as much individual and distinct as if they had been in different contracts, and made at different times."
Moreover, Article 2084, dealing with several obligations, reads:
"Several obligations, although created by one act, have no other effects than the same obligations would have had, if made by separate contracts; therefore they are governed by the rules which apply to all contracts in general."
An analysis of these codal articles convinces us that the contracts which form an integral part of this litigation were individually incurred by the respective insurance companies, and required separate performance in order to effect exoneration therefrom by each obligee.
We are likewise convinced that the payment of $5,000.00 by one of the insurers herein to the insured under its contract of insurance would not in any way exonerate the other company from such payment under its respective policy. Moreover, Article 2093 expressly points out that an obligation in solido is not presumed, but that it must be expressly stipulated unless, of course, it is created by some provision of law.
In this case, the facts hereof disclose that each insurer contracted independently with the insured to provide coverage for damage caused by the negligence of an uninsured motorist. They are separate and distinct obligations and do not result in solidary liability between the obligors. On the contrary, the nature of the obligations could be a separate or a several liability under each insurance policy. Consequently, we are of the opinion that the lower court reasoned correctly in sustaining Queens' exception of no cause of action to the third party petition filed by Allstate.
For the foregoing reasons, the judgment of the lower court is affirmed insofar as it sustained the exception of no cause of action filed by Queens Insurance Company against Allstate Insurance Company's third party petition.
The lower court's judgment is reversed insofar as it sustained the exception of prescription filed by Queens to the amended petition of the plaintiff.
In addition thereto, the matter is remanded for such additional proceedings as the character of the litigation may ultimately require.
All costs of this appeal are to be divided equally between Queens Insurance Company *475 and Allstate Insurance Company. All other costs which may be incurred are to await a final determination hereof.
Affirmed in part and reversed in part and remanded.
NOTES
[1] 151 So.2d 565 (La.App.1963).
[2] 245 La. 411, 158 So.2d 594 (1963).