197 So.2d 352 (1967)
Edgar W. BOOTH et ux., Plaintiffs-Appellants,
v.
FIREMAN'S FUND INSURANCE COMPANY, Defendant-Appellee.
No. 10756.
Court of Appeal of Louisiana, Second Circuit.
March 22, 1967.
Rehearing Denied April 19, 1967.
Writ Refused June 5, 1967.
*353 Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellants.
Mayer & Smith, Shreveport, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This is an action by plaintiffs, husband and wife, based upon the uninsured motorist protection provision of an automobile liability policy issued by defendant in favor of plaintiffs as the insureds, claiming damages for medical expenses and personal injuries, respectively. Suit was filed about two years and nine months after the occurrence of the accident. Defendants interposed a plea of prescription of one year as provided in R.C.C. Article 3536. From judgment sustaining the plea of prescription and dismissing plaintiffs' suit they bring this appeal.
The sole issue presented is whether the liberative prescriptive period of one year is applicable. Determination of this question rests upon a decision as to whether plaintiffs' cause of action arises ex delicto or ex contractu. In resolving this point the interpretation of the wording of the policy contract is of paramount importance. The policy obligates defendant:
"To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile;"
At the time of argument and submission of this appeal both the Court and counsel for the parties litigant considered the issue above stated to be res nova in this State. However, we note a case recently decided by our brethren of the Fourth Circuit (1967), Fremin v. Collins, La.App., 194 So. 2d 470, in which the opinion declared:
"We are convinced that the terminology of the policy discloses that the type of suit filed against the uninsured motorist carrier possesses the full character of an action ex delicto and is not therefore contractual in nature."
Our examination of the cited case indicates that the controlling question involved was whether suit against the uninsured motorist insurer had been effectively interrupted by the filing of the suit by the insured against the uninsured motorist. This point was disposed by the opinion of the Court as follows:
"The language of the contract of insurance obviously means that liability of the insured depends entirely upon the liability of the uninsured motorist. It logically follows that if prescription is interrupted as to the uninsured motorist, a suit instituted after the passage of the one year period would not be too late vis a vis the uninsured motorist carrier. In view of the foregoing ratiocination, we are of the opinion that the judgment of the lower court maintaining the exception or prescription by Queens against the plaintiff's amended petition was erroneously rendered." (Emphasis supplied)
*354 Despite our feelings of sincere respect for the opinions of our colleagues of the Fourth Circuit, we cannot agree with the flatly expressed conclusion that the action of an insured against his own carrier must be considered as one ex delicto. We do agree with the observation that the liability of the carrier depends upon the liability of the uninsured motorist, but we do not consider that this requires the establishment of liability solely by a direct action against the uninsured motorist.
It is argued on behalf of appellant that the phrase "legally entitled to recover" does not require the insured to establish his claim against the uninsured motorist but must be interpreted as an essential element related to the proof of his entitlement in an action against his liability insurer under the policy contract. Conversely, it is urged by counsel for defendant that the effect of the provision is to place the insurer in the position of liability insurer of the uninsured motorist.
The protection of an insured against damages sustained as the result of accidents involving and caused by the fault of uninsured or financially irresponsible motorists is of somewhat recent origin, and is generally the result of statutory provisions requiring the inclusion of this type of protection in automobile liability policies. The Legislature of Louisiana by the provisions of Act 187 of 1962 [now incorporated in the Revised Statutes as Title 22, Section 1406, subd. D(1)] required such coverage in all automobile liability insurance policies:
"* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."
It is to be observed that the statutory enactment contains the phrase "* * * legally entitled to recover * * *" which is reiterated in the policy provision, quoted supra, and which we regard as the crux of the question presented. It is abundantly clear that the protection is required as a matter of contract, and, in order to avoid legislative interference with the freedom of contract, the right of the insured to refuse the coverage at his option was specifically preserved.
Because of the lack of jurisprudence in our State, with the single exception of the case noted supra, it has been necessary to make careful examination of the opinions of the courts in other jurisdictions which have given attention to this identical point. It is important to note that the holdings of these courts, hereinafter discussed, are particularly persuasive because of the fact that the applicable statutes contain the identical phrase "legally entitled to recover" with which we are primarily concerned.
Over a period of years the lower courts of original and appellate jurisdiction in the State of New York consistently held in numerous cases that actions of this nature were subject to the six-year statute of limitations applicable to actions ex contractu and not to the three-year period as applied to tort actions. This issue was considered by the Court of Appeals of New York for the first time in DeLuca v. Motor Vehicle Accident Indemnity Corp., 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482. The court of last resort in the State of New York granted leave to appeal for the specific purpose of resolving the question presented, observing that it was a matter of first impression in that court. The phrase in question"legally entitled to recover" was considered and interpreted as follows:

"The language in questionlegally entitled to recoversimply means, therefore, that, if the insured is to obtain an arbitral award against MVAIC, he must support his claim by proving those facts which he would have had to establish had *355 he proceeded against the uninsured motorist, namely, (1) faulti. e., the uninsured motorist's negligence as well as the claimant's freedom from contributory negligenceand (2) damages. Indeed, this court has already indicated that the phrase `legally entitled' means and denotes `fault'. (Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N.Y.2d 310, 314, 229 N.Y.S.2d 375, 377, 183 N.E. 2d 667, 668, supra; see, also, Matter of Motor Vehicle Accident Indemnification Corp. [Downey], 11 N.Y.2d 995, 229 N.Y.S.2d 745, 183 N.E.2d 758, supra). The provision was not designed to bar arbitration or to prevent recovery from MVAIC merely because the tort-feasor, had he been sued at law, could have asserted the Statute of Limitations in defense." (Emphasis supplied)
Several years prior to the consideration of the DeLuca case in New York the same question had been presented and resolved by the Supreme Court of Appeals of the State of Virginia in Horne v. Superior Life Insurance Co., 203 Va. 282, 123 S.E.2d 401 (1962). The opinion of the court contains the following statement:
"The precise issue is one of first impression. It is not the purpose of the uninsured motorist law to provide coverage for the uninsured vehicle, but its object is to afford the insured additional protection in event of an accident. Here, Aetna [the insurer] does not stand in the shoes of Washington, the uninsured motorist. Its policy does not insure Washington against liability. It insures Mrs. Horne and others protected under the policy against inadequate compensation. Aetna's liability to its insured is contractual, even though it is based upon the contingency of a third party's tort liability, * * *." (Emphasis supplied)
In Laird v. Nationwide Ins. Co., 243 S.C. 388, 134 S.E.2d 206 (1964) the Supreme Court of South Carolina also squarely held that it was not the purpose of the Uninsured Motorist Law to provide coverage for the uninsured vehicle but its object was to afford additional protection to the insured. The case involved certain rights of the insured against its automobile liability carrier. The insured had procured judgment against the uninsured motorist prior to the institution of the action against her insurer. The court clearly differentiated the nature of the action against an uninsured motorist as ex delicto from the action against the insurer as ex contractu.
Pertinent comments in Law Review articles for a number of years prior to the DeLuca decision had discussed the issue of prescription under the uninsured motorist provision of insurance policies and had reached the conclusion that actions against an insurer were subject to the limitations provided for actions arising ex contractu, 48 Calif.L.Rev. 531 (1960); 14 U.Fla.L.Rev. 471 (1963); 24 Ohio State Law Journal 591 (1963).
There is no provision either by statute or in the policy contract which requires an insured to establish his claim by judgment against an uninsured motorist as a condition precedent to the enforcement of his contractual rights against his insurer. The only requirement is that the insured establish legal liability on the part of the uninsured motorist. As pointed out in the DeLuca case, this requires the insured to prove negligence on the part of the insured motorist, freedom from contributory negligence on his own part, and the damages resulting from the accident. We cannot perceive how the rights of the insurer are adversely affected by this interpretation.
We are firmly convinced that plaintiff's action must be considered as arising ex contractu, and, therefore, is not subject to the plea of prescription of one year applicable to actions ex delicto.
It should also be noted that the position of defendant-appellee in this case rests upon a plea of prescription that is personal to and could only be asserted by the *356 tort feasor. It cannot be assumed with certainty that if these plaintiffs had not timely brought suit against the uninsured motorist the latter would have pleaded prescription.
Under the facts asserted by plaintiffs' petition in the instant case there is a further equitable consideration. Plaintiffs alleged that the name and identity of the driver of the offending automobile was unknown, and, further, that the vehicle had been stolen from its owner. It is well established that the owner of a vehicle is not liable for the torts of one using a vehicle without the permission of such owner. It must be reasonably concluded under this circumstance that plaintiffs could not bring any sort of action against an unknown person leading to a valid judgment which would serve as a basis of action against their own insurer.
Nor are we impressed with the arguments that defendant-appellee has lost its right of recovery against the uninsured motorist by reason of plaintiffs' delay in filing suit. Under the provisions of the statute cited supra, and under the contractual provisions of the insurance policy, the rights of recovery in the nature of indemnification are dependent upon payment by the insurer to its insured.
Finally, we note the reliance of counsel for appellee upon R.C.C. Article 3466 with respect to the rights of creditors and all other persons having an interest in the extinguishment of an obligation, to assert the plea of prescription. Clearly, this authority would be appropriate only if defendant was the "insurer" of the uninsured motorist. In view of our conclusion that plaintiffs' rights against their insurer are contractual, it is obvious that the assertion of a plea of prescription applicable to proceedings in tort cannot be considered.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that the plea of prescription asserted by defendant be and it is overruled.
It is further ordered that this cause be and it is remanded to the Honorable the First Judicial District Court for the Parish of Caddo for further proceedings in accordance with law.
Costs of this appeal are taxed against defendant-appellee.