BOLIN, Judge.
Dr. Edgar W. Booth, accompanied by his wife, was driving his family vehicle in the City of Shreveport, Louisiana, when it was struck from the rear by an automobile driven by an uninsured motorist. As a result of the accident Mrs. Booth sustained personal injuries and Dr. Booth incurred medical expenses in connection with her treatment. Dr. and Mrs. Booth sued Fireman’s Fund Insurance Company under the uninsured motorist provision of the contract of insurance covering the Booth automobile. The accident happened on December 21, 1963, and suit was filed on August 15, 1966. Fireman’s filed a plea of prescription of one year which was sustained by the lower court and plaintiffs appealed.
This court reversed the judgment of the district court, overruled the plea of prescription and remanded the case for further proceedings. (197 So.2d 352) Writs were refused by the Supreme Court because the judgment was not final. (250 La. 897, 199 So.2d 915) When the case was remanded to the trial court a plea of prescription of one year was again filed by Fireman’s and was overruled. Trial on the merits was based on a joint stipulation of facts resulting in judgment in favor of Dr. Booth for $125 and Mrs. Booth for $4,000 from which judgment defendant appeals.
*927 Counsel for appellant, in brief, specifies the lower court erred in the following particulars :
“1.
“The Court erred in concluding that an action for damages under the ‘uninsured motorist’ provisions of an automobile liability insurance contract is not subject to the plea of prescription of one year applicable to actions ex delicto.
“2.
“The Court erred in concluding that an ‘uninsured motorist’ insurer was not entitled, under the provisions of Louisiana Civil Code Article 3466, to urge the plea of one year prescription available to the ‘uninsured motorist’.”
We are convinced the errors specified by appellant were expressly passed upon when the case was previously before this court and, in connection therewith, particularly point out the following language:
“We are firmly convinced that plaintiff’s action must be considered as arising ex contractu, and, therefore, is not subject to the plea of prescription of one year applicable to actions ex delicto.”
* * * * * *
“Finally, we note the reliance of counsel for appellee upon R.C.C. Article 3466 with respect to the rights of creditors and all other persons having an interest in the extinguishment of an obligation, to assert the plea of prescription. Clearly, this authority would be appropriate only if defendant was the “insurer” of the uninsured motorist. In view of our conclusion that plaintiffs’ rights against their insurer are contractual, it is obvious that the assertion of a plea of prescription applicable to proceedings in tort cannot be considered.”
We are aware that our opinion was, to some extent, in conflict with Fremin v. Collins, 194 So.2d 470 (La.App. 4 Cir. 1967) which fact was recognized in our original decree. However, we are convinced the former decree of this court is correct. We feel somewhat comforted in this belief by the recent case of Fouquier v. Travelers Insurance Company, 204 So.2d 400 (La.App. 1 Cir. 1967) wherein the court, adopting our earlier view in this case, held:
* * * * * *
“Although the liability of State Farm depends upon the liability of the uninsured motorist, it is not liable in tort. Its liability to plaintiffs is based on the contract of insurance, which is designed for the protection of the insured and not of the uninsured motorist. The primary purpose of this coverage is to give additional protection to insured persons who are damaged as the result of an accident with an uninsured motorist. R.S. 22:-1406D(1); Booth v. Fireman’s Fund Insurance Company, 197 So.2d 352 (La.App. 2 Cir. 1967); but cf. Fremin v. Collins, 194 So.2d 470 (La.App. 4 Cir. 1967). * * if”
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.