208 So.2d 374 (1968)
Mandrea Lee THOMAS, Plaintiff-Appellant,
v.
EMPLOYERS MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellee.
No. 7264.
Court of Appeal of Louisiana, First Circuit.
March 4, 1968.
Rehearing Denied April 8, 1968.
Writ Granted May 17, 1968.
*375 Patsy Jo McDowell, Wilbur D. Atkins, Jr., Baton Rouge, for plaintiff-appellant.
Robert J. Vandaworker, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendant-appellee.
Before LOTTINGER, ELLIS, and CUTRER, JJ.
CUTRER, Judge.
This is an action for medical expenses and personal injuries filed by Mandrea Lee Thomas arising out of an automobile accident which occurred May 22, 1965. Suit was filed about 1 year and 8 months following the accident under the uninsured motorists provisions of the policy issued by Employers Mutual Fire Ins. Co. The defendant filed a plea of prescription of one year as a bar to plaintiff's suit. The trial court sustained this plea of prescription dismissing plaintiff's suit, from which judgment plaintiff appeals.
The issue presented is whether this action is subject to the prescription of one year under R.C.C. Article 3536 or subject to the prescription of 10 years under R.C.C. Article 3544.
We are cited the cases of Booth v. Fireman's Fund Insurance Co., La.App., 197 So. 2d 352 (2d Circuit) and Fremin v. Collins, La.App., 194 So.2d 470 (4th Circuit). The court in the Booth case, faced with the same question presented here, concluded as follows:
"We are firmly convinced that the plaintiff's action must be considered as arising ex contractu, and, therefore, is not subject to the plea of prescription of one year applicable to actions ex delicto."
The Court disagreed with the conclusion reached in the Fremin case which case held as follows:
"We are convinced that the terminology of the policy discloses that the type of suit filed against the uninsured motorist carrier possesses the full character of an action ex delicto and is not therefore contractural in nature."
We have closely examined both the Booth and the Fremin cases and have concluded that we must respectfully disagree, in part, with our Learned Brothers of both courts. We agree that this action is ex contractu (See Fouquier, et al. v. Travelers Insurance Company, et al., La.App., 204 So. 2d 400, No. 13, 1967) but conclude that it is peculiarly subject to the one year prescription provided by R.C.C. Article 3536 for the reasons hereinafter set forth.
*376 The insurance contract provides that the insurer shall be obligated to pay to the insured
"* * * All sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."
For this provision of the insurance contract to become operative, a tort must have been committed by an uninsured motorist causing damage to the insured. Until this tortious condition comes into existence, no cause of action arises under this provision of the contract. When an uninsured motorist commits such a tort, the insured must show that he is "legally entitled to recover" from the uninsured motorist before he can effectuate payment from the insurer. To be "legally entitled to recover" the insured must establish all the elements of an action in tort just as he would in any outright tort action. He is also faced with the same defenses as would be available to a defendant in a tort action, including the plea of prescription if the suit was not timely filed.
This plea of prescription is available not only to the uninsured motorist but also to the insurer under the uninsured motorist provision for two reasons. First, it was agreed by the parties to the insurance contract that the insured could collect only those sums which he was "legally entitled to recover" from the uninsured motorist. To be legally entitled to recover, in addition to establishing the other elements of the tort, he must timely file his suit. Secondly, this defense of prescription is explicitly accorded the defendant insurer by R.C.C. Article 3466 which provides as follows:
"Creditors and all other persons, who may have an interest in * * * the extinguishment of an obligation by prescription, shall have a right to plead it, even in case the person * * * bound by such obligation, should renounce such right of prescription."
When a person commits a tort, causing damage to another, the person committing the tort is legally obligated to repair such damage under the provisions of R.C.C. Article 2315. When this occurs and the obligation comes into existence, the insurer, under the uninsured motorist clause, certainly has "an interest in * * * the extinguishment of [that] obligation by prescription." Since the insurer has such an interest the plea of prescription of one year is available to it under this article.
We are fully cognizant of the disparity between the Circuits which will be created by the conclusions reached herein but we must conclude that even though the action herein is ex contractu, the plea of prescription of one year is available to the insurer for the reasons set forth herein.
For the above and foregoing reasons, the judgment of the trial court is hereby affirmed.
Affirmed.