218 So.2d 580

**Edgar W. BOOTH et ux.**

v.

**FIREMAN'S FUND INSURANCE
COMPANY.**

No. 49148.

Dec. 16, 1968.

Rehearing Denied Feb. 24, 1969.

Mayer & Smith, Shreveport, for relator.

Booth, Lockard, Jack, Pleasant & Le-Sage, Shreveport, for respondents.

BARHAM, Justice.

The plaintiffs instituted suit against their own insurer, Fireman's Fund Insurance Company, under the uninsured motorist provision of their contract of liability insurance to recover damages resulting from a collision with an uninsured automobile more than two and a half years prior to the institution of suit.[1] We consolidated this case for argument with Thomas v. Employers Mutual Fire Insurance Company, 253 La. 531, 218 So.2d 584, since both involve the same legal issues.

. The basic issue for determination is whether the plaintiffs' cause of action arises ex delicto and is prescribed by one year,[2] or ex contractu and is prescribed by 10 years.[3]

Financial responsibility statutes have been enacted by many states, including Louisiana, in an attempt to compel a show-

1. The trial court originally rendered judgment sustaining the plea of prescription of one year, and the Court of Appeal, Second Circuit, reversed, holding that the one-year ex delicto prescription was inapplicable and that the action was ex contractu. 197 So.2d 352. In the trial court, on remand from the Court of Appeal, Fireman's Fund Insurance Company filed another plea of one-year prescription on behalf of the codefendant Lucille McNeil, owner of the uninsured vehicle. The trial court overruled that plea and rendered judgment for the plaintiffs, and the Court of Appeal affirmed. 207 So.2d 925. We granted certiorari on application of the defendant insurance company.

2. Article 3536 of the Civil Code provides: "The following actions are also prescribed by one year: That * * * resulting from offenses or quasi offenses. * * *"

3. Civil Code Article 3544 reads: "In general, all personal actions, except those before enumerated, are prescribed by ten years."

ing of liability insurance or other financial responsibility as a requisite to the operation of motor vehicles. Many of these statutes allowed one "free accident" before suspension of license or had other limitations. At any rate, they did not obtain the desired result of providing financial responsibility for all who use the highways. In an effort to afford protection to the innocent victim injured by an uninsured and financially irresponsible motorist, many states have enacted legislation requiring insurance companies to afford coverage, for an additional premium, within the general automobile liability insurance policy for loss to the insured occasioned by the negligence of the operator of an uninsured motor vehicle. LSA–R.S. 22:-1406(D) provides that all automobile liability insurance policies in Louisiana shall afford not less than the limits set forth in the Motor Vehicle Safety Responsibility Law of Louisiana " * * * for the protection of persons insured thereunder who are legally entitled to recover damages

from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom * * *". The policies of insurance, and particularly the one involved here, track the language of the Louisiana statute, agreeing "To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * *".

Because our Courts of Appeal have arrived at different conclusions in regard to the nature of the cause of action accruing under this coverage, we have granted writs.[4] The jurisprudence of other states interpreting similar statutes and the insurance coverage afforded under similar policy provisions has been uniform in concluding that the action by the insured against his insurer for damages suffered as a result of a collision with an uninsured motorist is contractual and that the prescription to be applied for actions in contract is applicable

4. *First Circuit:* Fouquier v. Travelers Ins. Co., La.App., 204 So.2d 400, holding that liability under the uninsured motorist provision is based on the contract of insurance, and that the insurer is not liable in tort; Thomas v. Employers Mutual Fire Ins. Co., La.App., 208 So.2d 374, holding that the action is ex contractu but that the prescriptive period which should apply is provided by Article 3536 for actions ex delicto. *Second Circuit:* Pappas v. Aetna Casualty & Surety Co., La.App., 191 So.2d 658, holding that the action is in contract and not in tort; Booth v. Fireman's Fund Ins. Co., La.App., 197 So.2d 352, and 207 So.2d 925, holding that the action is ex contractu and is subject only to the plea of 10 years' prescription. *Fourth Circuit:* Fremin v. Collins, La.App., 194 So.2d 470, stating in dictum that this type of suit " * * * possesses the full character of an action ex delicto and is not therefore contractual in nature * * *".

to that action.[5] In Virginia [6] and South Carolina [7] where the statutes differ considerably from ours, the courts have stated that the liability of the insurer to the insured is contractual even though it is based upon the contingency of a third party's tort responsibility.[8]

We conclude that the intent of our uninsured motorist statute and the policy endorsement issued thereunder is to afford protection to the insured when they become the innocent victims of the negligence of uninsured motorists. The uninsured motorist provision closely resembles the policies of insurance which reimburse an insured for medical expenses or property damage resulting from an automobile accident. This action cannot be compared to that arising under our direct action statute by which suit may be brought directly against the insurer (indemnifier) of the tort feasor without making the tort feasor a defendant. The uninsured motorist provision is not insurance or indemnification for the uninsured motorist, and the insurer does not stand in the shoes of the uninsured motorist who is the tort feasor.[9]

It is urged by the defendant insurer here that the language "legally entitled to recover" requires an insured to establish every element of a cause of action in tort, and that the timely filing of his suit within

---

5. Hartford· Accident & Indemnity Co. v. Mason, 210 So.2d 474 (Fla.) ; Schleif v. Hardware Dealer's Mutual Fire Ins. Co., 218 Tenn. 489, 404 S.W.2d 490; De Luca v. Motor Vehicle Accident Indem. Corp., 17 N.Y.S.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482. Lesser courts in New York State had held that the statute of limitations applicable to contracts was controlling. See Application of Ceccarelli, Sup., 204 N.Y.S.2d 550 ; McGuinness v. Motor Vehicle Accident Indem. Corp., 40 Misc.2d 775, 243 N.Y.S.2d 764; McNamara v. Motor Vehicle Accident Indem. Corp., 42 Misc.2d 923, 248 N.Y.S.2d 1009 ; Motor Vehicle Accident Indem. Corp. v. McDonnell, 23 A.D.2d 773, 258 N.Y.S.2d 735.

6. Code 1950, § 38.1–381; Horne v. Superior Life Ins. Co., 203 Va. 282, 123 S.E.2d 401; Drewry v. State Farm Mutual Automobile Ins. Co., 204 Va. 231, 129 S.E.2d 681.

7. Code of 1962, § 46–750.11 et seq.; Laird v. Nationwide Ins. Co., 243 S.C. 388, 134 S.E.2d 206.

8. Both states have provided for a "John Doe defendant" in the case of unknown motorists and require a direct action against "John Doe, an unknown motorist," in order to enforce the contractual responsibility of the insurer. The action against John Doe which does not name the insurer is held to be ex delicto. Doe v. Brown, 203 Va. 508, 125 S.E.2d 159. However, the courts hold that the coverage afforded is contractual and for the benefit of the insured, not the uninsured motorist. Dictum contained in the cases is that a suit against the insurer would be in contract. See Footnotes 6 and 7, supra.

9. Nationwide Mut. Ins. Co. v. Harleysville Mut. Cas. Co., 203 Va. 600, 125 S.E.2d 840; Horne v. Superior Life Ins. Co., supra; Drewry v. State Farm Mutual Automobile Ins. Co., supra; Laird v. Nationwide Ins. Co., supra; Hill v. Seaboard Fire & Marine Ins. Co., 374 S.W.2d 606 (Mo.App.) ; Dominici v. State Farm Mutual Automobile Ins. Co., 143 Mont. 406, 390 P.2d 806; Kirouac v. Healey, 104 N.H. 157, 181 A.2d 634.

the one-year prescriptive period is such an element. We interpret the words "legally entitled to recover" to mean simply that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages. De Luca v. Motor Vehicle Accident Indem. Corp., 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482; Hill v. Seaboard Fire & Marine Ins. Co., 374 S.W.2d 606 (Mo.App.). If it be contended that the phrase "legally entitled to recover" is ambiguous, the rule that ambiguities in insurance contracts must be construed in favor of the insured would constrain us to reach the same conclusion.

■ The insurer urges also that Civil Code Article 3466 would extend the one-year prescriptive right to it regardless of the nature of the action.[10] We do not agree. The obligation of the uninsured motorist is not the obligation of the insurer under its insurance contract, and the tort feasor's right to claim extinguishment of the tort obligation through a plea

of prescription does not inure to the benefit of the insurer. The ex delicto prescriptive period is personal to the tort feasor and those who derive their status from him. As previously noted, neither the law nor the policy intends to provide insurance for the uninsured tort feasor. Both the statute and the policy require the insured to act in a number of ways to preserve the tort feasor's obligation for the benefit of the insurer [11] and therefore reflect the inimical interests of the insurer and the tort feasor. Sharing no interest in common and having no contractual or other relationship with the tort feasor, the insurer cannot urge the defense of one year's prescription.

■ Plaintiffs' action against their own insurer under this policy provision is ex contractu and subject only to a plea of prescription of 10 years.

The judgments of the district court and the Court of Appeal are affirmed. Costs in this court are to be paid by the defendant-relator.

10. Article 3466 provides: "Creditors and all other persons, who may have an interest in the acquiring of an estate, or the extinguishment of an obligation by prescription, shall have a right to plead it, even in case the person claiming such estate, or bound by such obligation, should renounce such right of prescription."

11. See LSA–R.S. 22:1406(D)(4). The Trust Agreement and the Assistance and Cooperation clauses of the policy set forth the insured's obligations.