280 So.2d 285 (1973)
TRAVELERS INSURANCE COMPANY, Plaintiff-Appellant,
v.
Frank VEAL, Defendant-Appellee.
No. 4222.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1973.
Holt & Woodley by James E. Williams, Lake Charles, for plaintiff-appellant.
Russell T. Tritico, Lake Charles, for defendant-appellee.
Before FRUGÉ, MILLER and DOMENGEAUX, JJ.
*286 FRUGÉ, Judge.
On December 8, 1966, Laura Veal was involved in an automobile accident in which she struck the rear-end of a 1959 Chevrolet pick-up truck owned by First Federal Savings and Loan Association and driven by Joseph Brown. Mrs. Veal did not have liability insurance. By virtue of a judgment rendered in Joseph Brown v. The Reliance Insurance Company, the Travelers Insurance Company was cast in judgment on the uninsured motorist clause in its policy issued to First Federal Savings and Loan. Travelers was awarded judgment on its third-party demand against Mrs. Veal on October 30, 1968. Mrs. Veal's husband, Frank Veal, was not joined as a third party defendant in that case.
Travelers filed this suit seeking to obtain the amount of the judgment from Mr. Veal on October 21, 1971, almost three years after judgment was rendered against Mrs. Veal. Travelers' petition in this suit alleges that at that time Mrs. Veal was the wife of Frank Veal and on a community mission for him. A peremptory exception of prescription filed by Frank Veal was upheld by the trial court.
On this appeal, Travelers contends that the obligation of Frank Veal to indemnify Travelers for the amount it paid to Mr. Brown is quasi contractual in nature and prescribes in ten years instead of one year. Travelers contends that insurers seeking recovery of money paid their insured under uninsured motorist clauses do so by route of indemnification instead of subrogation. We reject these arguments and affirm the trial court.
Service of citation and judgment against the husband is necessary before community property may be seized. Even though there may be a valid substantive community obligation, this obligation cannot serve as a basis for seizure of community property unless the husband is a party defendant in the suit to enforce the obligation. Where the husband is not served and service is not waived, the proceedings are absolutely null insofar as the community is concerned. LSA-C.C.P. Articles 735, 1201; R.D.M. Corporation v. Patterson, 255 La. 301, 230 So.2d 820 (1970).
The issue in this case is thus whether the community obligation sought to be enforced is delictual in nature or contractual in nature. The only obligation which arose when Mrs. Veal struck the Savings and Loan vehicle was delictual in nature. Any obligation which arose resulted completely from her negligence. There is no contractual or quasi contractual obligation between Mr. Veal and Travelers Insurance Company. Veal did not receive a thing from Travelers, and Travelers did not undertake to administer his affairs. Travelers was bound by contract to pay its insured's damages. The contractual obligation between Travelers and its insured can in no way affect the delictual obligation sought to be enforced here. As the Supreme Court pointed out in Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580, 584 (1967), the tort feasor and uninsured motorist carrier have no interest in common; they have no contractual or other relationship. Therefore, the one year prescription of LSA-C.C. Art. 3536 applies.
Travelers cites the following authorities for the proposition that the right of indemnification is quasi contractual in nature and subject to the ten-year liberative prescriptive period: Edward Levy Metals, Inc. v. New Orleans Public Belt Railroad, 243 La. 860, 148 So.2d 580 (1963); Plummer v. Motors Insurance Company, 233 La. 340, 96 So.2d 605 (1957); Booth v. Fireman's Fund Insurance Company, La. App., 197 So.2d 352, writ refused, 250 La. 897, 199 So.2d 915, appeal after remand, La.App., 207 So.2d 925, affirmed, 253 La. 521, 218 So.2d 580 (1967).
The cases are distinguishable from the present case. Travelers is here seeking to enforce Mrs. Veal's delictual obligation *287 which arose when she caused the accident in question. The cases cited all involve either contractual or quasi contractual relationships. Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968), was a case in which an insured sought to enforce his insurer's contractual obligation to indemnify him for damages caused by an uninsured motorist. Since the obligation was purely contractual, the Supreme Court applied the ten year prescription of Article 3544 instead of Article 3536's prescription of one year for offenses and quasi offenses.
Plummer v. Motors Insurance Corporation, 233 La. 340, 96 So.2d 605 (1957) applied the rationale of two earlier cases that a wrongful taking created a quasi contractual obligation to a situation where a finance company had illegally seized a truck. In one of the earlier cases, Kramer v. Freeman, 198 La. 244, 3 So.2d 609 (1941), a man filed suit to recover property stolen or forceably taken from him by his wife and his mother-in-law. The Supreme Court there found that he had an action not only in tort, but also in quasi contract. It classed the obligation to restore property wrongfully taken under Civil Code Article 2301 which requires one to restore things received which are not due. The other case, Importsales v. Lindeman, 231 La. 663, 92 So.2d 574 (1957) was a suit against a widow who had unconditionally accepted a succession. The court in Importsales, supra, used the same rationale as it had in Kramer. However, it held that the plaintiff had elected to sue in tort instead of in contract and, therefore, that the one year prescription applied.
Edward Levy Metals, Inc. v. New Orleans Public Belt Railroad, 243 La. 860, 148 So.2d 580 (1963) was a case where scrap metal deposited with a shipper was delivered to the wrong person. This was a case of unjust enrichment; the party defendant received a thing not due. Thus, the ten year prescription also applied there.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are assessed to defendant-appellant.
Affirmed.