413 So.2d 682 (1982)
Brenda Berard GUIDROZ, et al., Plaintiffs-Apellants,
v.
Donna TAUZIN, et al., Allstate Insurance Company, Defendants-Appellees.
No. 8652.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
Dupuis & Mayers, Kenneth P. Mayers, Lafayette, for plaintiffs-appellants.
Davidson, Meaux, Sonnier & Roy, John E. McElligott, Jr., Lafayette, for defendants-appellees.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
The sole issue to be resolved on this appeal is whether the plaintiff-insured is entitled to judgment against her own uninsured motorist carrier for legal interest from date of the judgment or from date of judicial demand.
Plaintiff filed suit against several defendants, including her own uninsured motorist carrier, Allstate Insurance Company, on April 10, 1979, seeking to recover damages resulting from injuries received in an automobile accident which occurred on April 15, 1978. The matter was tried to a jury which concluded that plaintiff, Brenda Guidroz, was entitled to judgment in the amount of $10,000.00. The tortfeasor being uninsured, judgment was rendered in plaintiff's favor against her uninsured motorist carrier, Allstate Insurance Company. The trial judge signed a judgment casting Allstate Insurance Company, in the sum of $10,000.00, however, interest was ordered from date of judgment.[1]
Plaintiff-appellant contends on appeal that the trial court erred in ordering the payment of judicial interest from date of judgment rather than from date of judicial demand.
The issue presented is resolved by determining what type of action plaintiff has vis-a-vis her uninsured motorist carrier, i.e., whether the action which she has instituted sounds in contract or in tort. On debts arising ex contractu interest is recoverable *683 from the time such debts become due. LSA-C.C. Art. 1938;[2]Calhoun v. Louisiana Materials Company, 206 So.2d 147 (La.App. 4th Cir. 1968), writ refused, 251 La. 1050, 208 So.2d 324 (1968); Teledyne Movible Offshore v. C & K Offshore, 376 So.2d 357 (La.App. 3rd Cir. 1979). On judgments ex delicto legal interest attaches from date of judicial demand. LSA-R.S. 13:4203.[3]
In Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (La. 1968) our Supreme Court, for purpose of deciding an issue of prescription, considered whether an action brought by an insured against his own uninsured motorist carrier was one in contract or tort. In concluding that the plaintiff's cause of action arose ex contractu the court stated as follows:[4]
"... We conclude that the intent of our uninsured motorist statute and the policy endorsement issued thereunder is to afford protection to the insured when they become the innocent victims of the negligence of uninsured motorists. The uninsured motorist provision closely resembles the policies of insurance which reimburse an insured for medical expenses or property damage resulting from an automobile accident. This action cannot be compared to that arising under our direct action statute by which suit may be brought directly against the insurer (indemnifier) of the tort feasor without making the tort feasor a defendant. The uninsured motorist provision is not insurance or indemnification for the uninsured motorist, and the insurer does not stand in the shoes of the uninsured motorist who is the tort feasor.

... The obligation of the uninsured motorist is not the obligation of the insurer under its insurance contract, and the tort feasor's right to claim extinguishment of the tort obligation through a plea of prescription does not inure to the benefit of the insurer. The ex delicto prescriptive period is personal to the tort feasor and those who derive their status from him. As previously noted, neither the law nor the policy intends to provide insurance for the uninsured tort feasor. Both the statute and the policy require the insured to act in a number of ways to preserve the tort feasor's obligation for the benefit of the insurer and therefore reflect the inimical interests of the insurer and the tort feasor. Sharing no interest in common and having no contractual or other relationship with the tort feasor, the insurer cannot urge the defense of one year's prescription.

Plaintiffs' action against their own insurer under this policy provision is ex contractu and subject only to a plea of prescription of 10 years." (Footnotes omitted)
In Powell v. Allstate Insurance Company, 233 So.2d 38 (La.App. 2nd Cir. 1970), our brethren of the Second Circuit, relying upon Booth, supra, concluded that the uninsured motorist carrier was liable to the plaintiff only in contract and was thus not liable in solido with the tortfeasor defendants. The same conclusion was reached by that court in the more recent case of Hoefly v. Government Employees Insurance Company, et al., 403 So.2d 853 (La.App. 2d Cir. 1981). We find the cited cases to be dispositive of the issue presented. Although the pivotal issue in Booth was whether the suit was in tort or contract for purposes of determining prescription, we can perceive of no cogent reason why a different result should flow where the issue presented concerns the applicable date from which interest is recoverable from the judgment debtor. Therefore, we conclude that plaintiff's *684 action against defendant, being one in contract, the trial court properly allowed interest only from date of judgment. The insurance contract issued by Allstate to plaintiff provides that the company will pay:
"all sums which the insured ... shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle...".
Allstate's obligation to perform, under the terms of its contract, did not arise until there was a legal determination of the liability of the uninsured motorist and the extent of plaintiff's damages.
We recognize that our brethren of the First Circuit, relying on O'Donnell v. Fidelity General Insurance Company, 344 So.2d 91 (La.App. 2nd Cir. 1977), decided otherwise in Hebert v. Ordoyne, 388 So.2d 407 (La.App. 1st Cir. 1980). O'Donnell furnishes no support for the conclusion reached in Hebert because a reading of the O'Donnell case reflects that the plaintiff in that suit was seeking damages from the primary liability carrier and the excess liability carrier of the tortfeasor. In any event, we respectfully disagree with the decision in Hebert, to the extent that it conflicts with the conclusion which we reach in this case.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Appellee indicates in brief that the judgment has been satisfied by Allstate Insurance Company and a release executed by plaintiff, Brenda B. Guidroz, reserving unto the latter her right to appeal the issue presented herein.
[2] LSA-C.C. Art. 1938 as last amended in 1981 provides:

"All debts shall bear interest at the rate of 12% per annum from the time they become due, unless otherwise stipulated."
[3] LSA-R.S. 13:4203 provides as follows:

"Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts."
[4] By Act 444 of 1977 (LSA-R.S. 9:5629) the time allowed for institution of suit against one's uninsured motorist carrier was legislatively shortened to two years reckoning from the date of the accident in which the damage was sustained.