417 So.2d 60 (1982)
Valentine Guidry STRAUSS, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
No. 82-26.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
*61 Pucheu, Pucheu & Pucheu, Jacque B. Pucheu, Sr., Eunice, for plaintiff-appellant.
Davidson, Meaux, Sonnier & Roy, L. Lane Roy, Lafayette, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
DOMENGEAUX, Judge.
Plaintiff, Valentine Strauss, instituted this action against defendant, Allstate Insurance Company (Allstate) for uninsured motorist benefits. Plaintiff contends that on June 28, 1977, at approximately 9:20 P.M. she was driving an automobile, owned by her employer and insured by Allstate, in a northerly direction on Louisiana Highway 13 between Crowley and Eunice, Louisiana. She claims that while on this deserted stretch of highway the car she was driving was struck or sideswiped by a pickup truck. Plaintiff further alleges that the impact of the two vehicles resulted in her losing control of her automobile which caused her to run off the road and hit a tree, severely injuring herself. There were no witnesses to the accident. Plaintiff brought this suit against Allstate under the hit and run clause of the uninsured motorist provision of its insured's policy. Allstate answered denying any liability, claiming that there was no other automobile or pickup truck involved in this accident. Allstate contends that the accident involved only plaintiff's vehicle and was caused solely by the negligence of plaintiff. After trial by jury, by unanimous verdict in general form, the jury found in favor of Allstate and dismissed plaintiff's claim. Subsequently, plaintiff's motion for a new trial was denied. This appeal followed. We affirm.
On appeal plaintiff contends:
1. The jury erred in rendering judgment in favor of defendant, because the law and evidence proved that plaintiff was entitled to recover.
2. The trial court erred in not properly instructing the jury.
3. The trial court erred in not granting plaintiff a new trial.

JURY'S FINDING OF FACT
It is axiomatic that when there is evidence before the trier of fact, which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Having closely reviewed the record before us, we find no manifest error on the part of the jury in its verdict dismissing plaintiff's action.
At trial plaintiff, her sister, and plaintiff's employer (the car's owner), testified in support of plaintiff's version of the accident. Plaintiff testified that soon after she entered onto Louisiana Highway 13 she noticed a pickup truck, driven by an unknown male, following her. She claims that as she continued towards Eunice this unidentified male started talking with her on the CB radio suggesting that she pull off the road so he could have a love affair with her. Plaintiff contends that she then turned her CB radio off, and shortly thereafter the pickup truck pulled alongside her, cut to his right, and bumped plaintiff's automobile off the road.
*62 Plaintiff's sister and employer to some extent corroborated plaintiff's version, over the objection of Allstate[1] based upon what plaintiff had told them at the hospital approximately one to two hours after the accident. Generally they claim that plaintiff informed them that she was run off the road by a truck. Plaintiff, plaintiff's daughter, and plaintiff's sister all testified that plaintiff had only one drink prior to departing for her trip back home from Crowley to Eunice.
Conversely, Allstate introduced evidence which strongly suggests that there was no other vehicle involved in this accident, and that plaintiff was intoxicated. The investigating officer of the State Police, Joseph Wiggins, testified that in his opinion plaintiff's vehicle was not hit or sideswiped prior to departing the highway. According to Officer Wiggins, although plaintiff's vehicle was heavily damaged there was no evidence which seemed to indicate the involvement of another vehicle in this accident. His opinion is largely premised upon the fact that there were no paint scratches on plaintiff's automobile nor was there any debris at or around the alleged point of impact on the highway. Officer Wiggins further testified that plaintiff had a strong smell of alcohol on her breath. Ricky Spell, of the Crowley Fire Department, and Danny Wimberly, of the Acadia Parish Sheriff's Office, were also present at the scene of the accident. They both testified that plaintiff had a very noticeable smell of alcohol on her breath. Obviously, the jury gave greater weight to the testimony solicited from defendant's witnesses which is well within their discretion. We find no manifest error in their verdict.

JURY INSTRUCTIONS
The jury instruction which plaintiff suggests is erroneous provides as follows:
"... In a case such as this where the Plaintiff has sued on an uninsured motorist claim, the insurance company, in this case Allstate Insurance Company, is not the insurer of the party alleged to be responsible for the accident; and the Plaintiff in this case cannot recover unless she can show that someone other than herself is responsible for the accident which is the subject of this lawsuit, and that she was not guilty of contributory negligence which contributed proximately to the accident and further, there's coverage under the uninsured motorist portion of Allstate. If there was no impact between the vehicles, there is no coverage on the part of Allstate Insurance Company."
Plaintiff suggests that the first part of this instruction is erroneous because under an uninsured motorist claim the insurance company "is the insurer" of the party alleged to be responsible for the accident. We disagree.
The primary purpose of uninsured motorist coverage is to give additional protection to insured persons who are damaged as a result of an accident with an uninsured, under-insured, or hit and run motorist. The uninsured motorist coverage contained in an automobile liability policy is designed for protection of the insured and not for the protection of the uninsured motorist. Booth v. Fireman's Fund Insurance Company, 207 So.2d 925 (La.App. 2nd Cir. 1968); affirmed 253 La. 521, 218 So.2d 580 (1968).
Secondly, plaintiff contends that the second part of the above quoted instructions suggests a duty upon plaintiff to prove that she was not contributorily negligent rather than requiring defendant to prove plaintiff's contributory negligence. Taken out of context we can see how one might interpret this charge as plaintiff suggests. However, in the charges preceding the challenged instruction, the trial judge unequivocally instructed the jury that defendant bears the burden of proving contributory negligence as follows:

*63 "`Contributory negligence' is a fault on the part of the person injured which, cooperating in some degree with the negligence of others, helps in causing the accident and bringing about the injury. When the Defendant pleads the contributory negligence of the Plaintiff, the burden of proof is upon the Defendant to prove contributory negligence by a preponderance of the evidence that the Plaintiff was at fault, and such fault was a proximate cause of the injury. Thus, if you find Plaintiff was contributorily negligent in this accident and this negligence constituted a proximate cause of the accident, the Plaintiff would be prevented from recovering."
* * * * * *
"The fact that a motorist involved in an accident was speeding or intoxicated does not in and of itself require a finding of liability. The Defendant bears the burden of proving contributory negligence. The Defendant, Allstate Insurance Company, must prove to the jurors that the Plaintiff was intoxicated and the intoxication was a contributory cause of the accident."
When read in context with the antecedent charges on contributory negligence, we feel that the jury instruction plaintiff complains of does not suggest that the plaintiff bears the initial burden of proving her lack of contributory negligence. Taken in context, this charge merely instructs the jury that once defendant has proven plaintiff guilty of negligence amounting to contributory negligence, it then becomes incumbent upon plaintiff to absolve herself from any fault which contributed proximately to the accident.

DENIAL OF PLAINTIFF'S MOTION FOR A NEW TRIAL
In her motion for a new trial plaintiff raised numerous assignments of error. After a hearing on the motion the trial judge denied plaintiff's request. Plaintiff now appeals the trial judge's denial alleging the same assignments of error. Although we find that the able trial judge acted well within his discretion and committed no manifest error in denying plaintiff's motion, we feel some of plaintiff's allegations merit discussion by this court; namely:
1. The propriety of allowing the introduction of hospital records into evidence when as plaintiff contends he did not have the opportunity to cross-examine the record preparer;
2. The alleged discriminatory and prejudicial remarks made by one of the jurors during deliberation; and
3. The allegation alleging the incompetency of one of the jurors based upon his inability to read and write.
Plaintiff argues that the records of the Lafayette Charity Hospital were erroneously allowed to be read to the jury and introduced into evidence despite plaintiff's objection and despite the fact that the person who made the record was unavailable to testify under cross-examination. Plaintiff cites La.R.S. 13:3714 in support of her proposition which provides:
"Whenever a certified copy of the chart or record of any hospital in this state, signed by the administrator or the medical records librarian of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination."
From a reading of this statute it is clear that the hospital record was admissible as prima facie proof of its contents. The record was duly certified by the proper authority, and the only right plaintiff had once the document was admitted into evidence was to cross-examine the party who made it. Plaintiff had every opportunity to have summoned to court as a witness the preparer of the record. Plaintiff apparently chose not to do so until trial, at which time an instanter subpoena was issued, but the record's preparer was on vacation and unavailable *64 for trial. Plaintiff had every opportunity to make preparations for this and did not. Under these circumstances, we find no error in allowing the introduction of the hospital records into evidence.
Plaintiff next complains that a new trial should be granted because of discriminatory and prejudicial remarks made by one of the jurors during deliberation. Plaintiff claims that one of the jurors "told her" that another juror made racial `slurs' directed at plaintiff during deliberations.
Plaintiff introduced a statement, in affidavit form, in support of her claim. The statement, however, is not an affidavit since it is not based on plaintiff's personal knowledge, but rather on hearsay. Furthermore, even if the claimed affidavit by plaintiff was correct it would be inadmissible. Our courts have long held that affidavits of testimony of jurors to impeach their own verdict or to show on what grounds it was rendered, is inadmissible. Renz v. The Texas & Pacific Railway Company, 138 So.2d 114 (La.App. 3rd Cir. 1962); Dieudonne v. Guidry, 336 So.2d 990 (La.App. 3rd Cir. 1976); Washington v. Lake City Beverage, Inc., 352 So.2d 717 (La.App. 3rd Cir. 1977); writ refused 354 So.2d 1050 (La. 1978). We feel the trial judge was correct in refusing to grant a new trial on these grounds.
Finally, plaintiff suggests that one of the jurors could not read or write, and therefore he was incompetent to serve on the jury. We find this contention is without merit.
At a hearing on plaintiff's motion for a new trial Donald Goodwin, the juror in question, indicated his ability to read and write. He testified that he had an eight grade education, and, although he was very deficient in reading and writing skills, he was able to read and write on a limited basis. When questioned by the trial judge Mr. Goodwin testified that he understood the jury verdict, and that he had voted against plaintiff's recovery. It is well settled that it is not necessary for a juror's competency that he should be a scholar. It is sufficient if he can understand the witness and argument of counsel. The competency of a juror is a matter to be determined in the sound discretion of the trial judge. State v. Casey, 44 La.Ann. 969, 11 So. 583 (1892). We find no abuse of discretion in the trial judge's findings that Mr. Goodwin was qualified to serve as a juror in this case.
For the above and foregoing reasons the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The testimony of plaintiff's sister and plaintiff's employer concerning statements plaintiff made at the hospital of her accident was allowed under the res jeste exception to the hearsay rule. The issue of the admissability of these statements is not before us, therefore we refrain from any discussion thereon.