216 So.2d 875 (1968)
Hatten L. RUSHING et al.
v.
ALLSTATE INSURANCE COMPANY et al.
No. 7524.
Court of Appeal of Louisiana, First Circuit.
December 16, 1968.
Ronald L. Causey, of Scullin & Causey, Baton Rouge, for appellants.
Charles W. Franklin, of Franklin & Keogh, Baton Rouge, for appellees.
Before LOTTINGER, ELLIS and BAILES, JJ.
ELLIS, Judge.
Plaintiffs Hatten L. Rushing, Jr. and William G. Bridges were injured in an accident while riding in a 1963 Ford truck owned and operated by Rushing. The other vehicle involved in the accident was uninsured.
Mr. Rushing was also the owner of a Chevrolet automobile which was insured by Allstate, and which furnished uninsured motorist protection. There was no policy of insurance in effect covering the Ford truck.
Allstate filed a motion for summary judgment, claiming that since the vehicle in which plaintiffs were riding was not insured by it, there was no coverage. The motion was maintained and the suit dismissed as to Allstate. From the judgment of dismissal, plaintiffs have appealed.
*876 The following exclusionary clause, applicable to the uninsured motorists feature, appears in the policy:
"This policy does not apply * * * to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured * * *"
Obviously, if the above provision is valid, there would be no coverage under the policy sued on, since Rushing's car was owned by him and was not insured. It is equally obvious that, were it not for the provision, plaintiff Rushing could recover, since there is no other language in the policy limiting the right of recovery under the circumstances of this case.
Plaintiffs contend that the above exclusion contravenes the provisions of R.S. 22:1406(D), which provides as follows:
"(1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."
It is claimed that the statute does not require that an insured be in the insured automobile in order to recover, and that no condition for recovery is imposed except that the insured be injured by an uninsured motor vehicle.
With respect to plaintiff Bridges, there is no coverage, as he is not the named insured or a relative residing in the same household. Coverage is extended to him only when occupying an insured vehicle, under the express provisions of the policy.
Neither do we find that plaintiff Rushing has coverage. Under the provisions of R.S. 22:1406(D) uninsured motorists protection is extended only to those who are insured by automobile liability insurance. When Rushing occupied an owned motor vehicle, not insured, he was no longer protected by the Allstate policy which covered his other car. We can see nothing in the statute which requires an insurer to extend uninsured motorist protection under one policy to one who has elected not to insure another vehicle owned by him, so long as he occupies that vehicle. The exclusionary clause relied on by defendant is reasonable and not in violation of R.S. 22:1406(D).
The judgment appealed from is accordingly affirmed, at plaintiff's cost.
Affirmed.