SARTAIN, Judge.
We granted a writ in this cause to review the ruling of the trial judge who overruled a motion for summary judgment filed by Travelers Insurance Company (Relator). The question involved is one of coverage under the uninsured motorist provisions of a policy of liability insurance issued by relator to George E. Thomas.
The facts which are alleged in the petition and supported by the offerings made in the motion for summary judgment are not in dispute.
Respondent brought suit individually and as the administrator of his minor sons, Roger Lynn and Jeff Thomas. These youths were injured when they were involved in a collision between a vehicle owned and operated by Mary O. Nelson, who was uninsured at the time, and a motorcycle, owned by Mr. Thomas and driven at the time by Roger Lynn Thomas, who was accompanied by his brother Jeff.
The basis for the motion for summary judgment is that the motorcycle owned by Mr. Thomas was not listed as an insured vehicle on the policy issued to him by relator. Accordingly, relator contends that there is no coverage based upon the exclusionary provisions of Part III (a) of the policy which reads as follows:
“This policy does not apply under Part m:
(a) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or a relative, or through being struck by such a vehicle
Relator relies upon the case of Rushing v. Allstate Insurance Company, La.App., 216 So.2d 875 (1968) in which this court held that the owner and his guest passenger, who were traveling in a second vehicle belonging to the owner which was not listed on the liability policy issued to the owner by Allstate, could not avail themselves of *291 the provisions of the uninsured motorist provision of the owner’s policy. The import of the exclusionary provision in the Rushing case is almost identical to that in the case at bar.
In opposition to the writ, respondent relies upon and cites the case of Elledge v. Warren, 263 So.2d 912 (1972), wherein the Court of Appeal for the Third Circuit of this state held that similar exclusionary provisions did not preclude the plaintiff from proceeding against her own insurance company when her minor son was injured in a vehicle-motorcycle accident, under circumstances similar to those in the instant case.
We have carefully reviewed our reasons for judgment in Rushing and those assigned in Elledge and are of the opinion that we would like to reconsider the interpretation placed on the pertinent exclusionary provision and the position taken by us in Rushing.
For these reasons, the writ heretofore issued is recalled and vacated and plaintiff’s and relator’s remedy shall be by appeal after a trial on the merits.
Writ recalled.