295 So.2d 847 (1974)
George E. THOMAS, Individually, etc.
v.
Mary O. NELSON et al.
No. 9831.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
Rehearing Denied July 3, 1974.
*848 France W. Watts, III, Franklinton, for appellant.
Lawrence R. Anderson, Jr., and John W. Anthony, Bogalusa, for George E. Thomas.
Donald M. Fendlason, Bogalusa, for defendant-appellee Mary O. Nelson.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
BLANCHE, Judge.
Plaintiff, George E. Thomas, brought suit for damages sustained by his two minor sons, Roger Lynn Thomas and Jeff Thomas, as a result of a collision between a Honda motorcycle driven by Roger Lynn Thomas and an automobile owned and driven by Mary O. Nelson. Plaintiff joined as defendants both Mrs. Nelson and his own insurer, Travelers Indemnity Company, under the uninsured motorist provisions of the insurance policy which he had with Travelers, inasmuch as Mrs. Nelson was uninsured. A motion for summary judgment was filed by Travelers claiming certain exclusions from insurance coverage under the policy. The trial court overruled the motion and writs were applied for to this Court by Travelers. This Court recalled the writ and remanded the case for trial in order that we might reconsider the interpretation placed on the exclusionary provision considered by us in the case of Rushing v. Allstate Insurance Company, 216 So.2d 875 (La.App. 1st Cir. 1968).
*849 After a trial on the merits, the trial judge rendered judgment in favor of the plaintiff on behalf of his minor sons and against the defendants in the sum of $5,000 for the injuries sustained by Jeff Thomas and in the sum of $1,000 for the injuries sustained by Roger Lynn Thomas. Additionally, the court awarded plaintiff $500 for medical payments under the medical pay provisions of the policy as a result of medical expenses incurred for Jeff Thomas and $57 for Roger Lynn Thomas. The court also found that the accident was caused by the negligence of the defendant Mary O. Nelson. From this judgment, only Travelers has appealed. We amend the judgment of the trial court and as thus amended, it it affirmed.
On appeal Travelers urges that the plaintiff's minor sons were contributorily negligent and the award in their favor excessive. They additionally assert that the exclusions contained in Travelers' policy are valid and that we should follow our decision in Rushing, supra, wherein this Court held that an exclusionary clause in the uninsured motorist section of a liability policy was valid and did not contravene the provisions of LSA-R.S. 22:1406, subd. D.[1]
The trial judge in his Reasons for Judgment made the following factual findings with which we agree:
"Roger Lynn Thomas was driving his Honda motorbike west on Eighth Street in the City of Bogalusa, with his brother Jeff Thomas as a guest passenger on said motorbike when an automobile driven by Mrs. Mary O. Nelson ran through the intersection and struck the motorbike, causing injuries to both boys. Mrs. Nelson testified that she stopped at the stop sign and then proceeded to cross the street. She admitted that she did not see the motorbike coming. The Court finds that even if she had stopped at the stop sign, which she said she did, then proceeded into the intersection directly into the path of the motorbike, which she should have seen coming down the street, her action would constitute negligence. The Court finds that the proximate cause of the accident was the negligence of Mrs. Nelson [in] failing to yield the right of way to the motorbike." (Reasons for Judgment, Record, pp. 173, 174)
Our review of the record convinces us that Mrs. Nelson ran the stop sign, but whether she ran the stop sign, as a disinterested witness stated, or failed to yield after stopping, the cause of the accident is attributable to her in failing to keep a proper lookout and in driving into the intersection in such close proximity to the motorcycle that the collision was inevitable.
Defendants have not nearly shouldered the burden of proving contributory negligence on the part of plaintiff's minor son Roger Lynn, and no error was committed by the trial judge in failing to find such negligence.
We likewise find that there was no abuse of discretion by the trial judge in assessing damages for their personal injuries.
Roger Lynn Thomas was not seriously injured. However, he did sustain contusions to his chest wall and right hand. He also testified to having quite a few facial scars and a cut on his right leg as well as an injury to one of his teeth which he still complained of at the time of trial. Also at the time of trial the judge was able to observe evidence of a cut having occurred on his neck. We find the award of $1,000 to be within the limits of the trial judge's discretion.
*850 The injuries to Jeff Thomas were more serious and the trial judge awarded him the sum of $5,000. The deposition of Dr. Luis F. Matta, an orthopedic surgeon, reveals that Jeff Thomas had a laceration of approximately three inches crossing diagonally the distal third of the right leg on the anterior aspect and an open fracture of the right tibia and fibula. He was taken to surgery the same day where manipulation and closed reduction of the fracture was carried out under general anesthesia and the laceration was sutured with thirty sutures. Thereafter, a long leg plastic cast was applied and he was required to remain on crutches for approximately three months. The fracture of both bones in his right leg was approximately three to four inches above his right ankle. Additionally, the wound to the right leg became infected and required extra attention. The last time Jeff Thomas was seen by Dr. Matta on June 1, 1972, he was still limping and experiencing pain from his injuries. We find the above award to be within the limits of the trial judge's discretion.
This brings us to the defendant's argument on the question of coverage. Three vehicles, a 1960 Ford pick-up truck, a 1970 Mustang and a 1970 Chevrolet, were declared as insured vehicles in the automobile liability policy issued to Mr. Thomas by Travelers. The motorcycle involved in the accident was not listed as an insured vehicle. Furthermore, a motorcycle is definitely not an automobile but would classify as a "highway vehicle" which is excluded from coverage under the policy. In short, the policy provisions effectively exclude coverage of the motorcycle ridden by Mr. Thomas' sons at the time of the accident, and the precise issue presented is whether or not an automobile liability insurer may exclude coverage for bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured under the uninsured motorist provisions of the insurance policy.[2]
The Supreme Court of Louisiana has not yet considered a case involving the exclusionary clause in an uninsured motorist provision of an automobile insurance policy similar to the one in the instant case. This Court had a similar provision under review in the Rushing case, supra, and there the plaintiff claimed, as does the plaintiff here, that "the statute does not require that an insured be in the insured automobile in order to recover, and that no condition for recovery is imposed except that the insured be injured by an uninsured motor vehicle." (216 So.2d at 876) This Court resolved the matter in Rushing by finding such an exclusionary clause reasonable with the net result that there would be no uninsured motorist coverage while riding in a vehicle that the owner owned but did not insure.
Our brothers on the Third Circuit took a different view in Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir. 1972), and held that such a provision in the insurance policy excluding coverage when the insured is occupying an uninsured automobile owned by the named insured or a relative is unauthorized because it is in violation of the uninsured motorist provisions of the statute. LSA-R.S. 22:1406, subd. D(1). Since our decision in Rushing, the Supreme Court decided the case of Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1969), which decision was relied upon in Elledge, supra. In the Booth case the Supreme Court stated:
"* * * In an effort to afford protection to the innocent victim injured by an uninsured and financially irresponsible motorist, many states have enacted legislation requiring insurance companies to *851 afford coverage, for an additional premium, within the general automobile liability insurance policy for loss to the insured occasioned by the negligence of the operator of an uninsured motor vehicle. LSA-R.S. 22:1406(D) provides that all automobile liability insurance policies in Louisiana shall afford not less than the limits set forth in the Motor Vehicle Safety Responsibility Law of Louisiana `* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom * * *'. The policies of insurance, and particularly the one involved here, track the language of the Louisiana statute, agreeing `To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * *'.
* * * * * *
"We conclude that the intent of our uninsured motorist statute and the policy endorsement issued thereunder is to afford protection to the insured when they become the innocent victims of the negligence of uninsured motorists. * * *" (Booth v. Fireman's Fund Insurance Company, 218 So.2d 580, 582, 583Emphasis supplied)
While Booth involved the question of whether an action against an insurer under the uninsured motorist provision was one in contract or in tort, we may reasonably infer from the foregoing language that the court will interpret the statute to provide uninsured motorist protection when the automobile liability policy issues and affords protection to the uninsured when they become innocent victims of the negligence of uninsured motorists, regardless of where they may be and whether or not the vehicle in which they are riding as listed as an insured vehicle under the policy. Accordingly, we find that the exclusion relied on here by Travelers is in derogation of the statute and is void, because to give effect to such a clause would be to eliminate the coverage which the statutes require each atuomobile liability policy to provide. Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972); Graham v. American Casualty Company of Reading, Pennsylvania, 261 La. 85, 259 So.2d 22 (1972); Crenwelge v. State Farm Mutual Automobile Insurance Company, 277 So.2d 155 (La.App. 3rd Cir. 1973).
The trial court awarded plaintiff $500 under the medical pay provisions of the policy for medical expenses incurred on behalf of Jeff Thomas. Travelers complains of the award because of an exclusion in the policy as to insured persons who are occupying a "highway vehicle" which according to definition would include a motorcycle.[3] We find no such exclusion but do find that the terms of the policy coverage for medical expenses are only applicable when injury is sustained by an insured:
(a) while occupying an owned automobile,
(b) while occupying a non-owned automobile, and
(c) through being struck by a highway vehicle while such person is not himself occupying any highway vehicle.
As noted heretofore, plaintiff's son was neither occupying an owned automobile nor a non-owned automobile. Though he was struck by a highway vehicle, coverage was not extended to him because at the time he was occupying a highway vehicle. The foregoing considered, the plaintiff was not entitled to recover the $500 awarded him *852 under the medical pay provisions of the policy and the judgment will be amended in this respect. The judgment in all other respects is affirmed. All costs of this appeal are assessed to the defendant.
Amended and as amended affirmed.
NOTES
[1] LSA-R.S. 22:1406, subd. D, in pertinent part, provides:

"D. (1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued * * * unless coverage is provided therein * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles * *."
[2] The exclusionary section of the policy reads as follows:

"This policy does not apply under Part III: (a) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or a relative, or through being struck by such a vehicle * * *." (Exhibit P-2)
[3] Under the policy a "highway vehicle" is defined as follows:

"* * * `highway vehicle' means a land motor vehicle or trailer other than (1) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads or (2) a vehicle operated on rails or crawler-treads * *."