338 So.2d 334 (1976)
Leontine GUILLOT, Plaintiff-Appellee,
v.
The TRAVELERS INDEMNITY COMPANY, Defendant-Appellant.
No. 5640.
Court of Appeal of Louisiana, Third Circuit.
September 22, 1976.
Rehearing Denied November 4, 1976.
Writ Refused January 10, 1977.
*335 Gold, Hall, Hammill & Little, by Edward E. Rundell, Alexandria, for defendant-appellant.
Riddle & Bennett, by John T. Bennett, Marksville, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
Defendant, The Travelers Indemnity Company, appeals from a judgment awarding $12,500.00 to plaintiff, Leontine Guillot, for personal injuries sustained by the latter. Plaintiff has answered the appeal seeking an increase in the award. We affirm the judgment of the district court.
On May 5, 1975, plaintiff was a passenger in an automobile owned and driven by her husband, Irvin Joseph Guillot, in the town of Marksville, Avoyelles Parish, Louisiana.
The Guillot vehicle was involved in an accident with another automobile, the causation of which was determined to be the sole negligence of Mr. Guillot. Plaintiff sought to recover from her husband's insurer, defendant, under the liability and uninsured motorist provisions of the policy issued to the former.[1]
Defendant-insurer did not contest the issue of Mr. Guillot's liability for the injuries sustained by his wife as a result of the accident. Travelers paid $10,000.00 (policy limits) under the liability portions of the insurance contract but contended that Mrs. Guillot's injuries were not covered under the uninsured motorist provisions due to certain exclusionary clauses contained in the policy. The trial judge disagreed with the defendant's position and awarded Mrs. Guillot $10,000.00 under the liability provisions of the policy and an additional $2,500.00 under the uninsured motorist provisions of said policy.
Defendant's appeal is directed toward the following specifications of error: (1) The trial court erred in allowing the tort victim to recover uninsured motorist benefits from insurer where the victim was not legally entitled to recover from the uninsured motorist, her husband; (2) The trial court erred in holding that a tort victim who was a passenger in a tortfeasor's vehicle could recover from the tortfeasor's insurer under both liability and uninsured motorist provisions of said vehicle, despite the terms and conditions of insurer's policy.

"LEGALLY ENTITLED TO RECOVER"
The statute applicable to the instant case is LSA-R.S. 22:1406. LSA-R.S. 22:1406(D) (1) provides:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including *336 death, resulting therefrom . . . ." (Emphasis added).
Defendant contends that plaintiff is not "legally entitled to recover" damages from her husband's insurer due to the doctrine of interspousal immunity embodied in LSA-R.S. 9:291. This issue was previously considered by this court in the case of Gremillion v. State Farm Mutual Automobile Insurance Company, 302 So.2d 712 (La. App.3rd Cir. 1974), writ refused, 305 So.2d 134. In Gremillion we held that the defense of interspousal immunity is personal to the husband or wife and cannot be raised by an insurer in a direct action against same.
In Gremillion we quoted extensively from Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968) as follows:
". . . the insurer does not stand in the shoes of the uninsured motorist who is the tort feasor.

. . . . .
We interpret the words `legally entitled to recover' to mean simply that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages."
See also Deshotels v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (La. 1971).
Defendant urges this court to reconsider our decision in Gremillion and reverse the holding therein. We are of the opinion that the Gremillion case was correctly decided and are inclined to adhere to its holding. Accordingly we find that the trial judge correctly ruled that plaintiff was "legally entitled to recover" under the provisions of LSA-R.S. 22:1406(D)(1)(a).

APPLICABILITY OF THE UNINSURED MOTORIST COVERAGE
Defendant maintains that due to certain exclusionary clauses contained in the policy issued to plaintiff's husband, the uninsured motorist provisions of said policy are inapplicable to the situation presented by the instant litigation. We disagree.
Part III, Coverage D (Uninsured Motorists) of the Travelers policy issued to Mr. Guillot contains the following definition:
". . . The term `uninsured highway vehicle' shall not include: (1) an insured automobile or an automobile furnished or available for the regular use of the named insured or a relative . . ."
The following exclusion is found in the same portion of the policy:
"This policy does not apply under Part III:
(a) To bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or a relative, or through being struck by such a vehicle;"
However, LSA-R.S. 22:1406(D)(2)(b) provides:
"For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication." (Emphasis added)
Under the terms of the policy in question the term "insured" is defined as "the named insured and any relative".
The policy further provides:
"The insurance afforded under Part III applies separately to each insured, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability." (Emphasis added).
As a practical matter, the definition of "uninsured highway vehicle" in the policy as well as the above cited exclusion operate to produce the same effect, namely, they attempt to limit the class of tortfeasors *337 against whom the policyholder is protected. This court was presented with a similar problem in the case of Elledge v. Warren, 263 So.2d 912 (La.Ap.3rd Cir. 1972), writ refused 266 So.2d 223. In reference to the exclusionary clause contained in the policy in that case, which was almost identical to the one presented herein, we made the following statement:
". . . . the provision is improper in that coverage of an insured, who has paid for the coverage, is restricted on no better premise than the `business interest' his insurer has in securing a policy from his relativea matter over which the insured may have no control.

. . . . .
The exclusionary provision is contrary to the statute and is void. . . ."
The intent and purpose of LSA-R.S. 22:1406 were well defined in Booth, supra:
"We conclude that the intent of our uninsured motorist statute and the policy endorsement issued thereunder is to afford protection to the insured when they become the innocent victims of the negligence of uninsured motorists." (Emphasis added).
In reference to the above cited language our brothers of the First Circuit have stated, in Thomas v. Nelson, 295 So.2d 847 (La.App.1st Cir. 1974) that:
" . . . we may reasonably infer from the foregoing language that the court will interpret the statute to provide uninsured motorist protection when the automobile liability policy issues and affords protection to the uninsured [sic] when they become innocent victims of the negligence of uninsured motorists, regardless of where they may be and whether or not the vehicle in which they are riding as [sic] listed as an insured vehicle under the policy. Accordingly, we find that the exclusion relied on here by Travelers is in derogation of the statute and is void, because to give effect to such a clause would be to eliminate the coverage which the statutes require each automobile liability policy to provide. Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972); Graham v. American Casualty Company of Reading, Pennsylvania, 261 La. 85, 259 So.2d 22 (1972); Crenwelge v. State Farm Mutual Automobile Insurance Company, 277 So.2d 155 (La.App.3rd Cir. 1973)."
This court has recently stated, in Wilkinson v. Fireman's Fund Insurance Company, 298 So.2d 915 (La.App.3rd Cir. 1974), writ dismissed, 309 So.2d 657, that:
"In our opinion Graham and Deane stand for the proposition that any clause in derogation of the mandatory requirements set forth in LSA-R.S. 22:1406 (Uninsured Motorist Statute) is invalid insofar as it conflicts therewith."
We are of the opinion that the exclusionary clauses contained in the policy issued to Mr. Guillot are in derogation of the provisions of LSA-R.S. 22:1406(D)(1)(a) and (2)(b) and must accordingly be declared invalid and inoperative. Thus we find that the trial judge correctly ruled that plaintiff, Mrs. Guillot, be allowed recovery under both the liability and uninsured motorist provisions of her husband's policy.

QUANTUM
Plaintiff has answered the appeal seeking an increase in the amount of damages awarded by the trial court.
Plaintiff's major complaint of injury was related to damages sustained to her right knee. X-ray examinations by orthopedists revealed a finding of chondromalacia and the existence of Pellegrini-Stieda syndrome. The two orthopedic surgeons who examined plaintiff, Doctor C. W. Lowrey of Alexandria, Louisiana, and Doctor William E. Smith, of Baton Rouge, Louisiana, were of the opinion that the Pellegrini-Stieda syndrome pre-existed the accident. Both orthopedists felt that the chondromalacia in plaintiff's right knee also pre-existed the accident due to plaintiff's obesity (230 to 250 lbs.) and genu valgus condition (knockkneed). However, the orthopedists did find that the chondromalacia had been aggravated to some degree by the accident. Doctors Lowrey and Smith placed plaintiff's accident related disability (knee) at 5 to 10 percent and 25 percent, respectively.
*338 Plaintiff also complains of an injury to her back which was confirmed to some degree by Doctor Lowrey. However, plaintiff was examined by several general practitioners as well as the two abovementioned orthopedists and made no mention of back pain to anyone but Doctor Lowrey. The latter's x-ray examination revealed a lipping or spurring at the L4-5 interspace which he diagnosed as a lumbo-sacral sprain with sciatica and no disc protrusion. Doctor Lowrey was of the opinion that the spurring could have pre-existed the accident and was probably related to plaintiff's obesity but also felt that the back condition was probably aggravated to some degree by the collision.
Plaintiff is a middle-aged, unemployed, relatively uneducated individual. She made no showing of any lost income as a result of the accident, and her claim is limited to pain, suffering, and disability and medical expenses. Under the facts presented herein, we find that the trial judge's award of $12,500.00 to plaintiff represents no abuse of the broad discretion afforded the trier of fact in such matters, and we hereby affirm same. See C.C. 1934(3); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (La.1963); Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (La.1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (La. 1967); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (La.1971); Walker v. Champion, 288 So.2d 44 (La.1973); Bitoun v. Landry, 302 So.2d 278 (La.1974).
For the above and foregoing reasons the judgment of the district court is affirmed. Costs of this appeal are assessed against defendant-appellant, The Travelers Indemnity Company.
AFFIRMED.
NOTES
[1] On the date of the accident Mr. Guillot had in effect a policy with the defendant providing coverage of $10,000/$20,000 for liability and like amounts for uninsured motorist protection.