358 So.2d 647 (1978)
Mabel R. GRIFFIN
v.
Timothy J. ARMOND et al.
No. 11767.
Court of Appeal of Louisiana, First Circuit.
February 13, 1978.
Thomas L. Mahfouz, Lippman, Hunter & Rawls, Morgan City, for plaintiffs.
D. Mark Bienvenu, Voorhies & Labbe, Lafayette, for Timothy Armond & Bellefonte Ins. Co.
J. Louis Gibbens, Caffery, Duhe, Oubre & Gibbens, New Iberia, for Travelers Ins. Co.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
The Travelers Insurance Company (Appellant), liability insurer of plaintiff Mabel R. Griffin (Appellee), appeals from summary judgment declaring invalid and unenforceable, as violative of public policy, an exclusionary clause in the uninsured motorist coverage provision of the policy, which denies uninsured motorist coverage to Appellee's minor son, Brian Griffin, a named insured. We affirm.
The policy, the deposition of Appellee and admissions of the parties reflect no dispute as to the following facts: Appellee is the divorced wife of Elmer Griffin, Sr., and has custody of the minor, Brian Griffin, issue of the marriage between these parties. On September 11, 1975, Appellant insured Appellee's Plymouth automobile for a period of one year. The policy named as insured all residents of Appellee's household. On August 4, 1976, while residing with his mother, Brian Griffin was injured when, while riding a motorcycle owned by his father, he was involved in a collision with a vehicle owned and driven by defendant Timothy J. Armond, the insured of Bellefonte Insurance Company (Bellefonte). Appellee's petition prays for damages aggregating $95,000.00 for the injuries to her son. Bellefonte's policy is in limits of $10,000.00 per person. The uninsured motorist provision of Appellee's policy stipulates coverage of $10,000.00. The motorcycle *648 Brian Griffin was riding was owned by Brian's father and was not insured under Appellant's policy.
In denying coverage and asserting its own motion for summary judgment declaring no coverage herein, Appellant relies exclusively upon the following policy provision:
"Exclusions
This policy does not apply under Part III;
a. To bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or a relative, or through being struck by such a vehicle."
Appellant concedes that the motorcycle is a highway vehicle within the meaning of the term as included in its policy definitions. Simply stated, Appellant contends no coverage is afforded under the uninsured motorist provision of its policy because the motorcycle is not insured under Appellant's policy.
The trial court held the exclusion invalid because it is in contravention of public policy as provided by LA-R.S. 22:1406(D)(1)(a), which pertinently states:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; . ."
In Rushing v. Allstate Insurance Company, 216 So.2d 875 (La.App.1968), we held valid an exclusion clause similar to the one involved herein. In Rushing, the party claiming coverage was riding in a vehicle not insured under the policy which provided uninsured motorist coverage.
After Rushing, the Supreme Court, in 1968, decided Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580. Although the pivotal issue in Booth was whether the suit was in tort or contract for purposes of determining prescription, the Supreme Court noted unequivocally that La.R.S. 22:1406(D)(1)(a) was intended to afford uninsured motorist protection to an insured regardless of whether the vehicle in which the insured was riding was insured under the policy issued by the insurer.
Following Booth, the Third Circuit rendered Elledge v. Warren, 263 So.2d 912 (La.App.1972), which held that an exclusionary clause of the nature involved herein was void for violation of La.R.S. 22:1406(D)(1)(a). Elledge, on authority of Booth, held that the intent of the pertinent statute is to afford protection to an insured who becomes the innocent victim of the negligence of an uninsured or underinsured motorist.
Following Booth and Elledge, this court decided Thomas v. Nelson, 295 So.2d 847 (La.App.1974). In Thomas, we noted our decision in Rushing. We held, however, on authority of Booth and Elledge, that a clause similar to the one relied upon by Appellant was invalid and unenforceable. We so held upon finding that enforcement of such a provision would violate the public policy expressed by the legislature in La. R.S. 22:1406(D)(1)(a) as that statute had been interpreted by the Supreme Court in Booth.
In Brister v. American Indemnity Company, 313 So.2d 335 (La.App.1975), we were called upon to decide whether a father could invoke an uninsured motorist clause in his policy in an action for damages for injuries sustained by his minor son while riding an uninsured motorcycle belonging to the father. Contrary to Appellant's contention, Brister does not indicate our return *649 to the rule announced in Rushing. In Brister, we noted that our Thomas decision was based on the Elledge rationale that such an exclusion is contrary to public policy. In Brister, we did not reach the issue of validity of the exclusionary clause because we found the exclusion applied to automobiles and that a motorcycle is not an automobile. In this case, there is no such issue. The sole question here is the validity vel non of the exclusion clause.
Upon further consideration of the question, we are convinced that the pronouncements of the Supreme Court in Booth indicate the clear intent of that tribunal to interpret La.R.S. 22:1406(D)(1)(a) to state a public policy which no insurer may contravene. We hold the intent of the statute to be to provide protection to an insured who becomes the innocent victim of the negligence of an uninsured or underinsured motorist, even though the insured may be riding in a vehicle which is not insured under his own insurer's policy. We note that the Third Circuit has again so held in Guillot v. Travelers Indemnity Company, 338 So.2d 334 (La.App.1976).
The judgment is affirmed at Appellant's cost.
Affirmed.