GUIDRY, Judge.
This lawsuit arises out of an accident which occurred on February 1, 1981. Albert C. Smith, plaintiff-appellant, was driving a vehicle which he had borrowed from Walker Oldsmobile Company, Inc. (hereafter Walker) which he was considering purchasing. Smith alleges that the accident was caused by an underinsured motorist and he sued Royal Globe Insurance Company (hereafter Royal Globe) alleging that it provided uninsured and underinsured motorist coverage on the automobile he was driving through a policy issued to Walker. The policy covering the automobile in question, was in fact issued to Walker by American & Foreign Insurance Company (hereafter American), a member of the Royal Insurance Group. Royal Globe did not issue any policy of insurance to Walker. Both Royal Globe and American responded to the plaintiff’s suit and a motion for summary judgment was filed by both, with it being noted that American had been erroneously referred to as Royal Globe. This is not an issue on the present appeal. The motion for summary judgment was granted on the ground that Smith was not one of the named individuals covered by the underin-sured motorist clause of the insurance policy. Smith appeals from the judgment dismissing his suit.
Smith contends that the policy of liability insurance in effect on February 1, 1981 between Walker and American provided underinsured motorist protection and medical payments for him since he was using Walker’s automobile with Walker’s express permission.
There is no dispute that Foster Walker, III, the duly authorized agent of Walker, executed a written rejection of uninsured motorist coverage, rejecting said coverage as to all persons except certain named individuals and their spouses, and that Smith was not one of those named individuals. Smith’s only argument is that such a waiver is against public policy.
The sole issue on appeal is whether or not the insured can elect to waive all uninsured motorist coverage except as to certain named individuals.
Louisiana Statutes Annotated R.S. 22:1406D(1)(a) provides in part:
“No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required ... shall not be applicable where any insured named in the policy shall reject in writing- the coverage or select lower limits....” (Emphasis ours)
The intent of our uninsured motorist statute and the policy endorsement issued thereunder is to afford protection to the insureds when they become the innocent victims of the negligence of uninsured motorists. Booth v. Fireman’s Fund Insurance *1279 Company, 253 La. 521, 218 So.2d 580 (La.1969). However, the statute specifically gives the named insured the right to waive uninsured motorist coverage. The obvious legislative intent was to give to the named insured the option to waive uninsured motorist coverage and thus decrease his insurance premiums to an affordable rate.
Smith contends that the rejection of uninsured or underinsured motorist insurance for all persons not expressly named on the rejection form is void as contrary to the public policy of this state. He relies on Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir.1972), writ refused, 262 La. 1096, 266 So.2d 223 (La.1972) and Guillot v. Travelers Indemnity Company, 338 So.2d 334 (La.App. 3rd Cir.1976), writ denied, 341 So.2d 408 (La.1977), both of which concern certain policy exclusions inserted by the insurer which sought to limit uninsured motorist protection. Elledge and Guillot are inapposite. Neither of the cited cases involved a situation where the named insured had specifically rejected uninsured motorist coverage. Rather in both cases the insured had opted for uninsured motorist protection. In Elledge, we held that LSA-R.S. 22:1406D(1), which requires uninsured motorist protection unless specially waived, did not allow the exclusion inserted by the insurer in that the provision narrowed the coverage mandated by the statute. This holding was followed in the Guillot case which involved a similar situation.
It is Smith’s contention that the public policy of this state, as expressed by the Legislature, is no less binding on Walker than it is on the insurance industry. We cannot agree. The mandatory provisions of the statute which prohibited the policy exclusions inserted by the insurer in Elledge and Guillot are expressly inapplicable when there is a waiver by the insured. Furthermore, the statute is directed to the insurer not the insured.
Smith further contends that the mandatory provisions of the statute are only inapplicable where the named insured totally rejects coverage, not where the named insured rejects only a portion of the coverage. We disagree. The greater right to waive uninsured motorist coverage in its entirety logically includes the lesser right to reject only a portion of the coverage. By rejecting uninsured motorist coverage for all insureds except certain specified insureds, the named insured was able to retain some uninsured motorist coverage at a premium he could afford. The purpose of the statute is not served by requiring the named insured to reject uninsured motorist coverage entirely rather than reject uninsured motorist coverage except as to certain named individuals. This is quite different from the situation in Elledge and Guillot.
We conclude that neither the statute nor public policy invalidates the waiver by the named insured of uninsured or underin-sured motorist coverage except as to a certain specified group of individuals.
For the reasons assigned the judgment of the trial court is affirmed. All costs of the appeal are assessed against the plaintiff-appellant, Albert C. Smith.
AFFIRMED.