WATSON, Judge.
The issues in this appeal are: (1) whether the defendant, Security General Life Insurance Company, proved that plaintiffs are excluded from the benefits provided by its policy; (2) whether there was error in the amount awarded; and (3) whether the action of the defendant in denying payment was arbitrary and capricious, entitling plaintiffs to recover penalties and attorney’s fees.
On October 10, 1975, Merrick G. Strong purchased a policy titled “Major Medical Policy” from Security General Life Insurance Company, which provides under the insuring clause as follows:
“The Company hereby insures the Insured named in Schedule A, or any member of the Insured’s family, if any, named in the application attached hereto and made a part hereof, and will pay for the expense of hospital confinement and for other specified expense, subject to all the provisions of the policy, including the benefits, effective dates, limitations and exclusions:
(a) resulting from accidental bodily injury sustained while this policy is in force, hereinafter referred to as such injury; and
(b) resulting from sickness or disease, which originates and has its beginning more than thirty (30) days after the effective date of this policy, and while this policy is in effect, subject to all the provisions of the policy, including the benefits, effective dates, limitations and exclusions contained herein, hereinafter referred to as such sickness.”
Erma L. Strong, wife of Merrick Strong, was named in the application and thus was entitled to the benefits of the policy up to a maximum of $1500 for each separate accident or sickness until August 23, 1976 at which time the policy was amended to provide $2500 in benefits.
Between June 9 and June 20, 1976, Mrs. Strong was confined in Woman’s Hospital, Baton Rouge, for a hysterectomy. She was the only witness who testified (no witnesses having been called on behalf of defendant) and we must rely on her testimony as well as any admissible documentary evidence filed by the parties. Here it *1179 may be noted that the defendants attempted to introduce three files of documents identified as D — 1, D-2 and D-3 as part of the business records of the insurance company. However, a timely objection was made to the reception of these documents and it was sustained by the trial court. The trial court thereafter allowed the documents to be filed under an Offer of Proof. These documents consist of various documents which purport to be copies of correspondence, hospital records, medical bills and the like. We are aware of no legal basis for the reception of these documents in evidence and we decline to consider them.
Mrs. Strong testified that prior to her hysterectomy in June of 1976, she had consulted the same physician, Dr. Jack Jones of Baton Rouge, for a general checkup in February of 1976. She admitted quite candidly that Dr. Jones had advised her then that she might consider a hysterectomy some time in the future. However, this falls far short of proving that plaintiff’s claim is subject to the exclusion found on page 1, part 2 of the policy which provides:
“Any surgical operation resulting in or from any sickness shall not be covered under Part 2 unless such sickness originated and had its beginning after this policy has been in force for six months.”
Also, under Part 10 “LIMITATIONS” found on page 2 of the policy, there is a provision that:
“1. Any loss or disability resulting in or from treatment, removal or repair of: (1) . . urogenital organs, shall be covered only if such sickness or disease originated and had its beginning after this policy has been in force for six months;”
Following her hospitalization for the hysterectomy, Mrs. Strong had two additional episodes of hospitalization. One of these was from July 26-28 for removal of an abscess, apparently of the vaginal area. The other was in November, 1976, when Mrs. Strong had acute cystitis, causing an infection of the bladder.
The bills in the records substantiate a charge of $309.71 for the July hospitalization and $461.08 for the November hospitalization. These are in addition to the earlier bills relating to the hysterectomy of:
Woman’s Hospital $1,352.10
Dr. Jack Jones 660.00
Dr. J. W. McGehee (anesthesiologist) 100.00
The trial court allowed plaintiffs a recovery of $2,500, the full face amount of the policy, as amended, plus penalties of 12% and a $750 attorney’s fee.
Our analysis of the record reflects no manifest error in the conclusion of the trial court that Mrs. Strong’s sickness originated and had its beginning after the policy had been in force for six months. This factual conclusion, which is based on a reasonable evidentiary basis, allows recovery under the policy.
However, the trial court erred in the total awarded, because plaintiffs are only entitled to recover the amount of the policy in effect at the time of the June, 1976 operation, that is, the sum of $1,500. Thereafter, they are entitled to $309.71 for the July hospitalization and $461.08 for the November hospitalization, or a total of $2,270.79.
The trial court also concluded that plaintiffs were entitled to penalties and we find no manifest error in that decision. However, the penalties are to be assessed under LSA — R.S. 22:657 rather than LSA-R.S. 22:658, the former being the provision for penalties under health and accident policies. The penalty to which plaintiff is entitled by the statute is an amount equal to the benefits, or $2,270.79, plus a reasonable attorney’s fee. Plaintiffs answered the appeal by the defendant, and are entitled to a total award of $4,541.58.
The judgment of the trial court is amended to award plaintiffs the sum of $4,541.58, plus the reasonable attorney’s fee allowed by the trial court of $750 and an increase in the attorney’s fee of $500 for services on appeal, for a total attorney’s fee of $1,250.
All costs are assessed against defendant, Security General Life Insurance Company.
AMENDED AND AFFIRMED.