553 So.2d 479 (1989)
Carl N. RODRIGUEZ
v.
AMERICAN STANDARD LIFE & ACCIDENT INS. CO.
No. 88-736.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1989.
Rehearing Denied December 21, 1989.
Larry Rivers, Alexandria, for plaintiff-appellant.
Bolen & Erwin, Gregory Erwin, Alexandria, for defendant-appellee.
Before YELVERTON, KNOLL and KING, JJ.
KNOLL, Judge.
This case involves an appeal from a jury's finding that the plaintiff's back-injury was not a covered injury under the terms of the defendant's disability insurance policy. Plaintiff contends that (1) the jury committed manifest error in holding that plaintiff had not proven by preponderance of evidence that he was totally disabled under the terms of the insurance policy; (2) the jury committed manifest error in failing to find that plaintiff's back injury was causally related to the knee injury; and, (3) the jury erred in failing to conclude that the defendant acted arbitrarily and capriciously in not paying the plaintiff's medical expenses for the back injury.

FACTS
This is a suit for disability benefits under a disability insurance policy issued to plaintiff's employer. The plaintiff, Carl Rodriguez, slipped and fell from a ladder and injured his right knee while in the course and scope of his employment for Sherman Rodriguez Builders on March 20, 1980. The employer's insurer,[1] American Standard *480 Life and Accident Insurance Company (American), determined that the injury was a covered injury within the terms of the disability policy and paid plaintiff's medical expenses and paid disability benefits up to the week of trial.
Plaintiff first sought medical treatment for his injured knee at Rapides General Hospital. He was treated and referred to Dr. J.T. Weiss, an orthopedic surgeon. Conservative treatment was unsuccessful, so Dr. Weiss performed knee surgery approximately six weeks after the accident. In the weeks following surgery, plaintiff experienced severe pain and swelling in the knee.
Because his knee had not improved, plaintiff's insurance agent referred him to Dr. W.S. Bundrick, an orthopedic surgeon in Shreveport. Dr. Bundrick's diagnosis was chondromalacia of the patella and the medial femoral condyle (a wearing away of the cartilage under the kneecap). After conservative treatment proved unsuccessful, Dr. Bundrick performed a chondroplasty of the right patella in March of 1981.
Plaintiff's pain and swelling continued through 1984. Because of the progressive nature of his chondromalacia, an orthoscopic chondroplasty was performed on March 21, 1984. This second chondroplasty did not relieve the pain associated with walking. As a result, plaintiff developed a limp which created an abnormal gait.
In August of 1984, plaintiff began experiencing lower back pain. Dr. Bundrick treated him for this complaint as well. Conservative treatment proved unsuccessful so Dr. Bundrick hospitalized him in February of 1985 for pain in his right knee and lower back. A CT scan revealed a L4-5 midline disc bulge. Plaintiff responded to treatment and was discharged on March 26, 1985.
In August of 1986, plaintiff was again hospitalized for low back pain. A CT scan revealed the earlier-discovered L4-5 midline disc bulge and an electromyogram revealed nerve root irritation of the L-5 & S1 right and left nerve roots. In addition, plaintiff's limp became more pronounced. Responding to conservative treatment, he was discharged on September 2, 1986.
Plaintiff filed a claim with American for payment of medical expenses for the back injury and for disability benefits. American, contending that the back injury was not a work-related injury, denied coverage on the medical expenses relating to the back injury. American paid disability benefits up through trial on the merits, but contended that the plaintiff was not totally disabled within the terms of the policy. This suit followed.
At trial on the merits, the jury concluded (1) the plaintiff's back injury was not a covered injury under the terms of the policy; (2) the plaintiff failed to prove that he is entitled to receive disability benefits; and, (3) the plaintiff-appellant failed to prove that the defendant, American, acted arbitrarily and capriciously in not paying benefits.

BACK INJURY
Plaintiff contends that the jury committed reversible error in not finding that the back injury was causally related to the employment-related knee injury. Plaintiff relies heavily on his treating physician's assertions that the back problems were secondary to the initial knee injury.
The record shows that the plaintiff's back injury did not arise until four years after the work-related accident. Dr. Bundrick, plaintiff's treating physician, opined that the most logical cause for the plaintiff's back pain was plaintiff's altered gait, but Dr. Bundrick had no definite medical evidence to relate the back injury to the 1980 accident. Dr. Bundrick further testified that a four year delay is a fairly lengthy period of time for a back injury to show up.
Dr. Joe Morgan, an orthopedic surgeon and American's expert, examined plaintiff on September 16, 1987. Dr. Morgan found that plaintiff had a normal gait and had no problems in walking or standing. A neurological examination revealed no abnormalities *481 and x-rays of the five lumbar vertebrae revealed no disc bulging. Dr. Morgan opined that Mr. Rodriguez had no back abnormalities or back injuries and agreed with Dr. Bundrick's assertion that four years is a long delay period for a back injury.
The plaintiff testified that he felt pain only in his knee immediately following the accident. Also, plaintiff testified that the back pain did not arise until approximately four years after the accident. Plaintiff's wife testified that he did not begin complaining of back pain until August of 1984. The jury listened to the medical testimony and the witnesses and concluded that the back injury did not occur while the plaintiff was engaged in the usual and customary duties of his employment. Based on the evidence of record, we cannot say that the jury was manifestly erroneous in its decision.

TOTAL DISABILITY
Plaintiff contends that the jury was manifestly erroneous in concluding that he had not proven by a preponderance of the evidence that he is totally disabled under the terms of the policy.
The relevant language of the policy provides:
"If `such injuries' shall, after an elimination period of Seven (7) days from the date of the accident, continue to continuously and totally disable the Injured Person and prevent him from performing every duty pertaining to his business or occupation, and if regularly attended by a licensed doctor of medicine or osteopathy, other than the Injured Person, the Company will pay from the date of the accident at the rate of Indemnity shown in the Benefits Schedule for the continuous period of total disability directly caused thereby but not exceeding the maximum period shown in the Benefits Schedule."
Despite the restrictive language, the jurisprudence has interpreted total disability liberally to permit recovery where the claimant cannot perform the substantial and material part of his occupation in the usual and customary way. Laborde v. Employers Life Ins. Co., 412 So.2d 1301 (La.1982); Johnson v. State Farm Mut. Auto. Ins. Co., 342 So.2d 664 (La.1977). That the insured may engage in some other occupation does not disqualify him insofar as concerns policies of this character. Foret v. Aetna Life & Cas. Co., 337 So.2d 676 (La. App. 3rd Cir.1976).
In the case sub judice, the evidence reveals that the plaintiff's knee injury renders him totally disabled under the terms of the policy. Plaintiff testified that since the accident he suffers from pain and swelling in the knee. His knee periodically "gives out" and any prolonged periods of standing or walking increases the pain and swelling.
In addition, Dr. Bundrick testified that plaintiff's chondromalacia was progressive degeneration of the cartilage under the kneecap and any added pressure on the kneecap from walking, climbing or squatting worsens the condition.
Dr. Morgan, American's expert, opined that plaintiff had a mild case of chondromalacia and agreed that plaintiff could not squat or climb on a repetitive basis or negotiate stairs over an eight hour work day.
Plaintiff's employer and brother, Sherman Rodriguez, was qualified as an expert in the field of carpentry and testified that the daily tasks of a carpenter included repetitive climbing, squatting, and stooping, and requires extended periods of standing. He stated that one who cannot perform all of these duties cannot be employed as a carpenter.
An appellate court may disturb a trier of fact's finding only when it is clearly wrong. Karl v. Amoco Production Co., 507 So.2d 263 (La.App. 3rd Cir.1987), writ denied, 512 So.2d 461 (La. 1987). Based on the aforementioned facts, we conclude that the jury was clearly wrong in not finding that plaintiff was totally disabled.
Joe B. O'Neal, vice-president of American, testified that the amount of disability benefits payable under the policy is $130 per week for a maximum of $300,000. *482 Therefore, the appellant will receive $130 per week from the initial date of disability to the extent that it has not already been paid until he is no longer totally disabled or when the policy limit of $300,000 has been met.
In addition, interest is owed on the calculated amount from the time it becomes due at the rate provided for by law. LSA-C.C. Art. 2000; LSA-C.C. Art. 2924; Guidroz v. Tauzin, 413 So.2d 682 (La.App. 3rd Cir. 1982).
Plaintiff's last contention is that the jury committed manifest error in not concluding that American's refusal to pay plaintiff's medical expenses relating to his back injury was arbitrary and capricious. Since we have determined that the back injury was not causally related to the employment-related knee injury, we need not address this assignment of error.
For the foregoing reasons, the judgment of the trial court denying plaintiff disability benefits for his knee injury is reversed and set aside. That portion of the judgment is recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Carl N. Rodriguez and against American Standard Life & Accident Ins. Co. for total disability benefits for plaintiff's knee injury, from the initial date of disability to the extent that it has not already been paid, plus legal interest thereon according to law until paid.
In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to American and one-half to plaintiff.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.

ON REHEARING
PER CURIAM.
In the application for rehearing by plaintiff, Carl N. Rodriguez, it was brought to our attention that the decretal portion of the opinion did not assess costs at the trial level. Plaintiff further requests that we grant a rehearing on the issue of causation concerning his back injury.
With this per curiam, we grant plaintiff's rehearing in part to assess costs at the trial level to defendant, American Standard Life & Accident Insurance Company and deny the rehearing in part on the issue of causation for the back injury.
American Standard's application for rehearing requests that we reverse our opinion on the issue of disability under the terms of the policy. We deny defendant's application for rehearing.
Accordingly, IT IS ORDERED, ADJUDGED, AND DECREED that defendant, American Standard Life and Accident Insurance Company is cast with all costs at the trial level.
NOTES
[1] Plaintiff's employer purchased the disability insurance policy in lieu of worker's compensation insurance.