I, PICKETT, Judge.
The Plaintiff, Jeffery Bowers, appeals a judgment of the trial court finding in favor of the Defendant, Sun Life Assurance Company of Canada, and denying his petition for long term disability. For the following reasons, we reverse and render.
FACTS
The Plaintiff, Jeffrey Bowers, began employment at Louisiana State University (L.S.U.) in Baton Rouge, Louisiana, on January 14, 1980. Mr. Bowers worked at the physical plant during his employment at L.S.U. and performed mostly heavy manual labor. His duties included using an outfront rotary motor, routine maintenance, hauling equipment, moving furniture, picking up trash, and whatever else was | ^assigned. Through his employment at L.S.U., Mr. Bowers enrolled in a long term disability coverage plan. The policy was issued by the Defendant, Sun Life Assurance Company of Canada (Sun Life). The Sun Life policy defines “Disabled or Disability” as the “condition of being either Totally Disabled or Partially Disabled.” The policy defines “Totally Disabled” as follows:
An employee is totally disabled if he is in a continuous state of incapacity due to Illness which:
1. while it continues throughout the Elimination Period and during the following 24 months of incapacity, prevents him from performing all of the material duties of his regular occupation.
2. while it continues thereafter, prevents him from engaging in any occupation for which he is or becomes reasonably qualified by education, training or experience
The policy states that the “Elimination Period begins with your first day of Disability and ends after an uniterrupted [sic] Disability Period of 3 months; or if you are entitled to University sick leave, after you have exhausted your sick leave benefits; whichever is later.”
Mr. Bowers injured his left knee while on weekend duty with the Louisiana Army National Guard (National Guard) on October 20, 1991, while participating in a riot simulation drill. Following the injury, Mr. Bowers was taken to Earl K. Long Hospital where he was diagnosed as having a bruised left knee. Although he was still in pain, Mr. Bowers reported for work at L.S.U. the next day. After working a short time, he informed his supervisor that he was unable to perform his duties because of the injury to his knee. Thereafter, Mr. Bowers sought treatment at the Baton Rouge Medical Center on October 24, 1991, and November 12, 1991. He was advised after the November visit to refrain from “squatting, bending or lifting” and was referred to an orthopaedist. On November 25, 1991, Mr. Bowers was diagnosed as having an Lacute sprain of the knee by Dr. Thad Broussard, an orthopae-dist. On December 3, 1991, Mr. Bowers received a letter from L.S.U. informing him that his employment services were no longer required because of the “disability which prevents the performance of the usual duties and responsibilities of his ... position ...” Subsequent to being fired by L.S.U., Mr. Bowers saw several more physicians regarding his knee. On March 18, 1992, Dr. Richard Hill diagnosed him as having an acute sprain of the knee and referred him to Dr. Gregory Ward, who specialized in rehabilitation medicine. Dr. Ward diagnosed Mr. Bowers as having *39 severe bursitis in the knee with possible traumatic arthritis. Thereafter, he was examined by Dr. George Zimmerman at the Byrd Memorial Hospital in Leesville, Louisiana, on October 8, 1992. Dr. Zimmerman noted that there was an increase in soft tissue and bone activity in the left knee which suggested inflammatory changes. Mr. Bowers received a letter dated December 9,1993, from the National Guard in which he received an honorable discharge effective October 22, 1993, due to the condition of his knee. Since his discharge, Mr. Bowers has been under the care of Dr. Marerro, an orthopaedist at the Veterans Affairs Outpatient Clinic. Dr. Marerro has examined Mr. Bowers on numerous occasions and ultimately diagnosed him as suffering from degenerative joint disease of the left knee on June 3, 1998.
Since his employment was terminated by L.S.U., Mr. Bowers has not been able to maintain employment due to his physical condition. He has attempted to pursue employment on several occasions. However, due to his knee, he was unable to perform the job duties required.
On January 28, 1992, Mr. Bowers filed a notice of claim for long term disability benefits. Sun Life denied benefits in a letter dated October 15, 1992. On | ¿August 12, 1997, Mr. Bowers filed a petition for long term disability. The matter was heard on June 30, 1998. On October 19, 1998, the trial court issued written reasons denying Mr. Bowers claim and ruling in favor of Sun Life. The trial court concluded that the medical evidence established that Mr. Bowers was disabled; however, he was not totally disabled within the policy definition. A judgment to this effect was signed on December 7, 1998. Mr. Bowers now appeals the trial court’s judgment and alleges two assignments of error:
1. The trial court erred in finding that the Plaintiff was not totally disabled and [in] denying his claim for benefits.
2. The trial court erred in failing to find the Defendant arbitrary and capricious in its refusal to pay disability benefits.
OPINION
An appellate court must give great weight to the factual findings of the trier of fact. These findings of fact should not be disturbed in the absence of manifest error. Thomas v. First Assur. Life of. America, 606 So.2d 957 (La.App. 3 Cir.), writ denied, 609 So.2d 231 (La.1992). Since the determination of Mr. Bowers’ disability is a finding of fact, we will not disturb the trial court’s conclusion unless we find it is manifestly erroneous or clearly wrong.
In Rodriguez v. American Standard Life & Acc. Ins. Co., 553 So.2d 479, 481 (La.App. 3 Cir.1989), writ denied, 558 So.2d 586 (La.1990), this court considered the jurisprudential interpretation of total disability:
Despite the restrictive language, the jurisprudence has interpreted total disability liberally to permit recovery where the claimant cannot perform the substantial and material part of his occupation in the usual and customary way. Laborde v. Employers Life Ins. Co., 412 So.2d 1301 (La.1982); Johnson v. State Farm Mut. Auto. Ins. Co., 342 So.2d 664 (La.1977). That the insured may engage in some other occupation | ¡¡does not disqualify him insofar as concerns policies of this character. Foret v. Aetna Life & Cas. Co., 337 So.2d 676 (La.App. 3rd Cir.1976).
In the instant case, the Sun Life policy contains a two-prong test for total disability. In order to qualify as totally disabled during the first twenty-four months following incapacity, Mr. Bowers must prove that he was prevented “from performing all of the material duties of his regular occupation.”
Mr. Bowers’ employment was terminated by L.S.U. less than two months following his injury. The reason for his termination was that his disability prevented *40 him from completing his usual job duties and responsibilities and he had exhausted all of his sick leave. L.S.U. did offer to allow Mr. Bowers to keep his job if he obtained a physician’s release to return to full duty by December 17, 1991, the effective date of his termination. Mr. Bowers was unable to supply a doctor’s release and was terminated. In fact, Mr. Bowers has not received a release to return to full duty by any of his treating physicians since his injury. Thus, it is clear that he was totally disabled under the definition for the first twenty-four months.
To satisfy the definition of total disability under the second prong, Mr. Bowers must prove that his injury “prevents him from engaging in any occupation for which he is or becomes reasonably qualified by education, training or experience.” Mr. Bowers testified that he has worked for three separate employers since his termination from L.S.U. He worked for BREC in Baton Rouge as a cement finisher for approximately seven months during 1995. He then was employed as a laborer for five or six months during 1996 with the Hardy Corporation, a sheet metal business. Finally, he worked as a laborer for Sehex-nailder Sheet Metal for a few months during 1997. As such, it is abundantly clear that Mr. Bowers was able to engage in an occupation for which he was qualified subsequent to the first twenty-four months of | ^incapacity. Mr. Bowers testified that he had to leave each of the jobs because he was became unable to perform the work assigned to him due to his physical condition. He testified that he obtained the jobs through friends and he did not have to pass a physical as a condition of employment. Mr. Bowers further testified that the only reason he sought employment was that he could not support himself or a family on his Veteran’s Administration income. The fact that Mr. Bowers continued to seek employment is commendable; however, the fact that he held three separate jobs disqualifies him from meeting the total disability requirement that he be prevented “from engaging in any occupation.”
Accordingly, we will only award disability benefits for the twenty-four month period. The Sun Life policy provides for a 60% disability benefit. Mr. Bowers wages totaled $1,262.00 per month. Thus, his disability benefits would equal $757.20 per month, or $18,172.80 for the entire twenty-four month period.
La.R.S. 22:657, which provides for penalties against insurers that fail to timely pay legitimate claims, provides in pertinent part:
A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. Any court of competent jurisdiction in the parish where the insured lives or has his domicile, excepting a justice of the peace court, shall have jurisdiction to try such cases.
17Under this section, the penalty of double the amount of health and accident benefits due does not entitle an insured to a total equal to triple the benefits, but only double the benefits. Strong v. Security Gen. Life Ins. Co., 362 So.2d 1177 (La.App. 3 Cir.1978).
*41 After reviewing the record, we find that Sun Life’s failure to pay disability benefits due for the twenty-four month period was not just and reasonable. At the time Sun Life denied Mr. Bowers’ claim, it had in its possession sufficient documentation to confirm his disability. Sun Life had physician statements from Dr. Hill, Dr. Zimmerman and Dr. Ward concerning Mr. Bowers’ condition. It had an employer’s statement from L.S.U. which stated Mr. Bowers’ employment was terminated due to his disability, as well as a statement from Mr. Bowers asserting that he was still being treated for his injuries. Sun Life also had signed medical authorizations allowing them to request any information it believed essential. However, when questioned at trial, Leeann Prior, an adjuster for Sun Life, admitted that Sun Life did nothing to investigate the claim. Therefore, we find it abundantly obvious that Sun Life was unjust and unreasonable in its failure to pay Mr. Bowers’ claim. Accordingly, we award Mr. Bowers penalties in the amount of $18,172.80.
We now address the issue of attorney’s fees. Counsel for Mr. Bowers state, in their brief, that they accepted this case on a one-third contingency fee agreement. One-third of the total benefits and penalties awarded in this matter would total $12,115.20.[1] Considering the amount of time counsel for Mr. Bowers expended in trial preparation, at the trial on this matter, and on appeal, as well as the amount ^involved, including penalties, we find this amount sufficient. Therefore, we award attorney’s fees in the amount of $12,115.20.
DISPOSITION
For the foregoing reasons, the judgment of the trial court is hereby reversed. The Plaintiff-Appellant, Jeffery Bowers, is awarded total disability benefits in the amount of $18,172.80. The Plaintiff-Appellant is further award penalties in the amount of $18,172.80, and attorney’s fees in the amount of $12,115.20. All costs of this appeal are assessed to the Defendant-Appellee, Sun Life Assurance Company of Canada.
REVERSED AND RENDERED.
COOKS, J., concurs and assigns written reasons.

. $18,172.80 (disability benefits) + $18,172.80 (penalties) = $36,345.60. $36,345.60 / 3 (1/3 contingency fee) = $12,-115.20.