OPINION ON REHEARING
I THIBODEAUX, Judge.
We grant the application for rehearing filed by Jeffery Bowers to consider whether the original opinion should be amended to award total disability benefits rather than benefits for twenty-four months, whether the costs for both the trial and appeal should be assessed to Sun Life Assurance Company of Canada, and, final *42 ly, whether legal interest on the award should be granted from the date of judicial demand or, alternatively, from the date each payment was due.
For the reasons stated in Judge Cooks’ concurrence in the original opinion and for the following additional reasons, our original judgment is amended to award Mr. Bowers total disability benefits. The benefits are due from January 20, 1992, the end of the Elimination Period Under the Policy. Since Mr. Bowers is sixty-one years or younger, the policy provides benefits to age sixty-five.
There is no question that Mr. Bowers was totally disabled during the first twenty-four months of his injury. The more salient issue is whether his injury prevented him from engaging in any occupation for which he was reasonably qualified by education, training, or experience. The manual labor jobs held by Mr. Bowers in 1995, 1996, and 1997 do not vitiate his eligibility for total disability benefits. “Engagement” in an occupation connotes the participation in some income producing activity for some reasonable length of time. Although Mr. Bowers did hold these menial, manual labor jobs, he needed assistance to undertake and complete his assigned tasks; indeed, he eventually had to quit these jobs even in the face of economic necessity. Courts have interpreted “total disability” liberally to permit recovery when it is clear that an injured person cannot perform the substantial and Immaterial parts of his occupation in his usual and customary way. See e.g., Laborde v. Employer’s Life Ins. Co., 412 So.2d 1301 (La.1982); Rodriguez v. American Standard Life and Accident Ins. Co., 553 So.2d 479 (La.App. 3 Cir.1989).
We adhere to our original opinion with respect to the award of penalties under La.R.S. 22:657. Mr. Bowers is entitled to penalties totaling double the amount of health and accident benefits due to him. Additionally, we award attorney fees in the sum of one-third of the total amount awarded to Mr. Bowers.
Legal interest is awarded from the date each past due payment was due.
Finally, all costs at the trial and appellate level are assessed against Sun Life Assurance Company of Canada.
DISPOSITION
For the foregoing reasons, our original judgment is amended to provide total disability benefits to Jeffery Bowers to age sixty-five under the terms of the policy. Legal interest is awarded from the date each past due payment was due. Jeffery Bowers is further awarded penalties of double the amount of health and accident benefits due under the policy and attorney fees in the amount of one-third of the total award to Mr. Bowers. All costs at the trial and appellate level are assessed to the defendant-appellee, Sun Life Assurance Company of Canada.
ORIGINAL OPINION AND JUDGMENT AMENDED.